**DICKINSON v. UNITED STATES.**

No. 5454.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1946.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

Alvin T. Embrey, of Fredericksburg, Va., for appellant.

John C. Harrington, Attorney, Department of Justice, of Washington, D. C. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Harry H. Holt, Jr., U. S. Atty., of Norfolk, Va., A. Carter Whitehead, Sp. Asst. to the U. S. Atty., of Rich-

mond, Va., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

## PER CURIAM.

In this condemnation case judgment was entered for the landowner upon the jury's verdict for $7,000 and an appeal was taken because of errors said to have been committed by the District Court in a ruling on the evidence and in refusing a motion for a new trial based on the ground of newly discovered evidence. A witness for the landowner testified that the value of the property when taken by the United States in 1943 was approximately $14,000. On cross examination it was brought out that the witness himself had previously owned the property and had sold it in 1937; but he could not remember the amount of the selling price. Subsequently the United States called a real estate expert who testified that he had examined the county land records and had ascertained that the deed for the property in 1937 bore a revenue stamp which indicated that the selling price was $2,500. After this testimony was given a motion to exclude it was made for the stated reasons that the testimony related to a sale too remote in point of time from the taking by the United States and that the appellant was not a party to the transaction. This motion was overruled and we think that there was no error in the ruling. No objection was made to the testimony on the ground that the land records or a certified copy thereof was the best evidence and should have been produced. Doubtless this could have been done had the point been made. The period of time which had elapsed since the sale in 1937 was undoubtedly substantial, involving as it did the changed conditions of the times, but these circumstances went to the weight rather than the admissibility of the evidence and were the subject of comment in the argument to the jury on the appellant's behalf. If, as is now suggested as a possibility, the indicated selling price did not represent the value of the whole fee but only the value of a portion thereof, this could have been shown by the appellant's witness who was a party to the sale; but no effort to produce such testimony was made.

The newly discovered evidence related to the price paid for the timber on another tract of land which, according to the government's expert, had been sold at a price which threw some light on the value of the timber on the appellant's land. After the verdict the appellant made a motion in arrest of judgment and for a new trial, and brought to the attention of the court certain information tending to show that the timber on the land in question had been burned over before the sale and was therefore not as valuable as the appellant's timber. This evidence of course would have been pertinent at the trial; but it was shown to the court at the time of the motion that counsel for the appellant was told about the fire before the case was argued and submitted to the jury, and nevertheless made no effort to offer testimony on the point. Under these circumstances, it cannot be said that the action of the court was improper since it related to a matter which under the established rule was addressed to its sound discretion.

The judgment of the District Court is affirmed.