UNITED STATES v. 5139.5 ACRES OF LAND, IN AIKEN AND BARNWELL COUNTIES, S. C., TRACT NO. D–308 et al.

No. 6509.

United States Court of Appeals Fourth Circuit.

Argued Nov. 20, 1952.

Decided Dec. 31, 1952.

Roger P. Marquis, Attorney, Department of Justice, Washington, D. C. (James M. McInerney, Asst. Atty. Gen., William S. Sandifer, Aiken, S. C. and Yancey A. McLeod, Special Assts. to the U. S. Atty., Columbia, S. C., Harry T. Dolan, Special Asst. to the Atty. Gen. and Reginald W. Barnes, Attorney, Department of Justice, Washington, D. C., on the brief), for appellant.

Henry Busbee, Aiken, S. C. (Williams & Busbee, Aiken, S. C., J. C. Kearse, Kearse & Ness, Bamberg, S. C., Solomon Blatt, and Blatt & Fales, Barnwell, S. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment in favor of the owners of a tract of land in a proceeding for condemnation instituted by the government. Upon the declaration of taking, compensation for this tract had been estimated at $38,300 and had been paid into court and distributed to the landowners according to law. The jury fixed the value of the tract at $64,762.60 and judgment was entered in favor of the landowners for the difference amounting to $26,-462.60. The government has appealed alleging errors in the rejection of testimony and in the charge.

Of the 907 acres embraced in the tract here involved, 500 acres was swamp land the chief value of which consisted in the hardwood timber standing thereon. The jury did not view the swamp land because of its inaccessibility and was compelled to

rely entirely upon the testimony of witnesses in valuing it. Witnesses for the government valued the hardwood timber at around $19,000, witnesses for landowners at around $39,000. The government offered evidence that in 1946, when the timber was owned by Mrs. Cullum, one of the parties to this suit, and the owner of the fee title to the land, it was sold under a court proceeding to one Jones for $5,500; that in 1946 and 1947 Jones sold it to one Murray by two separate deeds, and that in 1950, less than a year before the taking in the condemnation proceeding, Murray conveyed it to one Clark for a consideration of $5,000 with a provision for the sale of lumber and logs at certain prices therein specified. The court excluded all of this evidence, basing the exclusion of that relating to the last sale upon the ground that the land and the timber had to be valued together and that the evidence as to the separate sale of the timber might be confusing to the jury. Evidence as to the other sales was excluded upon this ground and the additional ground that the sales were too remote to have probative value. The sale in the court proceeding was excluded upon the further ground that it was a sale to which Mrs. Cullum had agreed because she had to have the money and because of false and fraudulent representations as to value that had been made to her.

While the trial court has discretion to exclude evidence which would confuse or mislead the jury on the question of value, we think it clear that the evidence as to these sales should have been admitted. There was evidence that the swamp land had little value apart from the hardwood timber standing thereon and there was sharp conflict between the expert witnesses as to the value of this timber. Sales of the timber shortly before the condemnation by and to parties to the proceeding certainly tended to establish its value and should have been admitted for that purpose. The fact that the deed made in 1950 provided for a sale of lumber and logs to the vendor was a matter, of course, to be weighed by the jury, but there is no reason why it should have confused them. And the fact that the other deeds were made several years prior to the condemnation and that Mrs. Cullum had to have money and may have been misled as to the value of the timber sold were matters going to the weight and not the admissibility of the testimony. Dickinson v. United States, 4 Cir., 154 F.2d 642; United States v. Ham, 8 Cir., 187 F.2d 265; United States v. Becktold, 8 Cir., 129 F.2d 473; Thornton v. Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773; 18 Am.Jur. 351. The sale under order of court was not a forced sale under mortgage or execution but a sale which, under the provisions of a will, required judicial approval. As said by Judge Woodbury in Baetjer v. United States, 1 Cir., 143 F.2d 391, 397, "Only sales on foreclosure and similar forced transactions not on the open market are without probative force as a matter of law. The motivation behind other transactions can be shown, but only as affecting weight, not admissibility." See also Forest Preserve Dist. v. Eckhoff, 372 Ill. 391, 24 N.E.2d 52. The principal reason given by the trial judge for excluding the evidence, viz., that the land and timber should be valued as a whole and not separately, while a sound rule of law, was no reason for excluding the evidence as to the separate value of the timber, which was a matter to be considered in valuing the two together; and especially is this true here where the testimony of the experts showed that the timber was valued by them separately in estimates of overall value.

One of the witnesses for the government who had testified as an expert was asked as to sales of similar lands in the community near the time of the condemnation which he had taken into consideration in arriving at his estimate of value. He proposed to testify as to a number of sales which he had learned of in his investigation and which he had verified by examination of the land records in the county. This testimony was excluded because the records were not produced or the persons who had participated in the sales called as witnesses. This, we think, was error. While the admission of testimony of this sort was a matter very largely within the sound discretion of the trial judge, the exclusion

here rested, not upon a sound exercise of that discretion, but upon an erroneous application of the hearsay and best evidence rules. The witness within reasonable bounds should have been allowed to give the jury the facts upon which his opinion as to value was based; and it would unduly hamper the production of such testimony and needlessly prolong the trial to require that the sales be proved with the particularity that would be necessary in suits to enforce the contracts relating thereto. The hearsay and best evidence rules are important, but they should not be applied to prevent an expert witness giving in a reasonable way the basis of his opinion. As said by this court in United States v. 25.406 Acres of Land, 4 Cir., 172 F.2d 990, 993, certiorari denied 337 U.S. 931, 69 S.Ct. 1496, 93 L.Ed. 1738, "Testimony as to value would be worth little or nothing, if witnesses were not allowed to explain to the jury their qualifications as experts and the reasoning by which they have arrived at the expert opinion to which they testify; and the rule is that they may thus give the grounds of their opinions. Wigmore on Evidence 2d Ed. sec. 562; Lewis, Eminent Domain 3d ed. Sec. 654."

■ The rule is well settled in most jurisdictions that ordinarily "the value of lands, or interests in realty, at a particular time, may be proved by evidence of voluntary sales of similar property in the vicinity, made at or about the same time". 32 C.J.S., Evidence, § 593, p. 445; 18 Am.Jur. p. 994; Jones v. United States, 258 U.S. 40, 42 S.Ct. 218, 66 L.Ed. 453; Welch v. TVA, 6 Cir., 108 F.2d 95, certiorari denied 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030; Fain v. United States, 6 Cir., 145 F.2d 956. And, although there is some conflict in the decisions,* we think the better rule is that where the opinion of an expert witness is based in part on such sales, he should be permitted to give the details of the sales upon which he bases the opinion, although the facts so stated do not become independent evidence. 32 C.J.S., Evidence, § 545,

pp. 292–293; Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892; Atlantic Coast Line R. Co. v. United States, 5 Cir., 132 F.2d 959; H. & H. Supply Co. v. United States, 10 Cir., 194 F.2d 553, 556. In the case last cited the court says: "The rule is well established that an expert may testify as to value, though his conclusions are based in part, or even entirely, upon hearsay evidence." Judge Phillips dissented on the ground that the evidence there under consideration did not come within the rule, but he recognized its correctness, saying: "An exception is recognized when an expert is testifying as to value. He may consider the cost and price of the property, the value of sales of similar property, the result of inquiries made of others, and like matters, which would ordinarily fall in the category of hearsay". Cases can readily be imagined where the court in its discretion should exclude evidence of this sort because of remoteness in time of the sales or because the property sold was not similar to that being valued, but it should ordinarily not be excluded under the hearsay or best evidence rules. If the expert has made careful inquiry into the facts, he should be allowed to give them as the basis of the opinion he has expressed. If he had not made careful inquiry, this will be developed on cross examination and will weaken or destroy the value of the opinion. Ordinarily evidence as to facts of this sort given by an expert as the basis of his opinion as to value comes with a sufficient guaranty of trustworthiness to justify the relaxation of the hearsay and best evidence rules.

■ The government excepted because of the refusal of the trial judge to charge the jury that, "generally speaking, recent sales of similar parcels furnish the most desirable basis of fixing market value". The requested instruction embodied a sound rule of law as well as of common sense. See United States v. Miller, 317 U.S. 369, 375, 63 S.Ct. 276, 87 L.Ed. 336; Baetjer v. United States, supra, 1 Cir., 143 F.2d 391,

---

* See cases cited at 32 C.J.S., Evidence, § 545, p. 293, notes 5 and 6, and United States v. 2877.37 Acres of Land in Harris' County, Texas, D.C., 52 F.Supp. 696.

Cf. Long Beach City High School v. Stewart, 30 Cal.2d 763, 185 P.2d 585, 173 A.L.R. 249.

397; Welch v. TVA, 6 Cir., 108 F.2d 95, 101. We do not think that prejudicial error can be predicated of its refusal, however, because no evidence had been admitted of recent sales of similar parcels. If upon the new trial which is being granted such evidence should be introduced some such instruction would be proper.

For the reasons stated the judgment appealed from will be reversed and the case will be remanded for a new trial.

Reversed.