## UNITED STATES v. KATZ et al.

### No. 4808.

United States Court of Appeals,
First Circuit.

June 7, 1954.

Elizabeth Dudley, Atty., Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., Anthony Julian, U. S. Atty., Philip P. A. O'Connell, Sp. Asst. to U. S. Atty., Boston, Mass., and Roger P. Marquis, Atty., Washington, D. C., on the brief), for appellant.

J. Burke Sullivan, Boston, Mass. (Edward U. Lee, Boston, Mass., on the brief), for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal by the United States from a judgment entered on the verdict of a jury awarding $121,500 as compensation for a 24.11 acre tract of land in Springfield, Massachusetts, which was

condemned and taken by the United States for military purposes. The only question presented is whether the District Court erred in refusing to permit the government's expert witnesses on value to state on direct examination what they believed or understood to be the prices paid at about the time of the taking for comparable lands in the area. More specifically, the District Court ruled "as a matter of law, and as a matter of discretion if not as of law," that it would not allow the government's experts to testify on direct examination as to the prices paid at about the time of the taking for other similar lands in the vicinity if their information was not based upon personal observation or participation in the particular transaction involved, but was based only upon talk on the street or in the real estate trade, or recitations of consideration in, or computations from internal revenue stamps affixed to, deeds on file in the Registry.

The District Court clearly understood that its ruling conflicted with the holding of the Court of Appeals for the Fourth Circuit in United States v. 5139.5 Acres of Land, etc., 1952, 200 F.2d 659. With due deference to the Court of Appeals for that Circuit, we agree with the District Court.

We said in Baetjer v. United States, 1 Cir., 1944, 143 F.2d 391, 397, certiorari denied 323 U.S. 772, 65 S.Ct. 131, 89 L. Ed. 618, and we repeat, that usually, in the absence of recent voluntary sales of the condemned land itself, the best evidence of value available is the prices at which comparable lands in the vicinity of the land condemned change hands in voluntary transactions at about the time of the taking. This does not in any way imply that hearsay evidence is admissible to show the prices paid in voluntary transactions involving reasonably similar lands having the requisite propinquity in time and distance. And we are not aware of any persuasive reason of necessity, or even of convenience, calling for a departure from the hearsay rule to admit such evidence. On the contrary, we said in the Baetjer case that the motivation behind transactions in other lands can always be shown to affect the evidentiary value, but not the admissibility, of testimony as to the prices paid in such transactions, and certainly most transactions are likely to be influenced by the motives of the parties thereto, such as the special needs or the strong desires of the buyer, the financial or other exigencies of the seller, and the whims, follies, fancies or ignorance of local values on the part of one or both of them. Since these are all matters of which persons with only hearsay knowledge of a sale can be expected to know little or nothing, whereas those with firsthand knowledge, such as a party to the sale itself or the broker or agent who affected it, can be expected to know at least something, we think the hearsay rule should be adhered to in the interest of justice to both parties. Nor does information as to prices gleaned from the recitations of consideration in deeds in the Registry, or revenue stamps affixed thereto, give any real help in arriving at value. More often than not the true consideration paid is not stated in a deed, there appearing only a formal statement of consideration. And the value of the revenue stamps affixed to a deed is determined by the consideration paid exclusive of the value of liens or encumbrances at the time of the sale, I.R.C. § 3482, 26 U.S.C.A. § 3482, so that accurate knowledge of the price paid cannot be calculated from revenue stamps without accurate knowledge of the value of liens and encumbrances on the land at the time of the sale which might or might not appear in the records of the Registry.

But the government contends that even though the testimony of its experts as to the prices paid for comparable lands in transactions as to which they had no firsthand knowledge was not admissible as substantive evidence to prove those prices, still they should have been allowed to testify as to those prices on direct examination to show the jury the basis

upon which their opinion of value rested. We do not agree.

It is true that the specialized knowledge of expert witnesses is usually derived in part, and may be derived wholly, from hearsay sources, such as statements in text books and the instruction imparted by teachers and others in the particular field involved. But it does not follow from this that an expert witness may bolster his ultimate opinion of value by telling the jury what others told him. The principle was succinctly expressed by Mr. Justice Holmes when Chief Justice of the Supreme Judicial Court of Massachusetts in National Bank of Commerce v. City of New Bedford, 1900, 175 Mass. 257, 56 N.E. 288, 290, wherein he said: "An expert may testify to value, although his knowledge of details is chiefly derived from inadmissible sources, because he gives the sanction of his general experience. But the fact that an expert may use hearsay as a ground of opinion does not make the hearsay admissible." The reason for the rule is obvious. Any expert deserving the name must of necessity assimilate prior learning, rejecting some and accepting some as his experience dictates, and to permit him on direct examination to develop the hearsay basis for his opinion would lead the trial astray into a host of collateral issues which could only obscure the main one and needlessly prolong the trial.

We are loath to circumscribe a trial court's discretion, however, by laying down a rule of law prohibiting an expert witness from ever giving the hearsay grounds upon which his opinion rests on direct examination. Perhaps there may be situations in which a trial court would think it helpful to permit a witness to give the basis, even if resting upon hearsay, for his opinion. We therefore sustain the ruling of the court below on the ground that no abuse of discretion is shown, rather than upon the accuracy of the ruling as a matter of law.

The judgment of the District Court is affirmed.