246 F.2d 472
 UNITED STATES of America, Appellant,
v.
Edward W. LOWRIE, Appellee.
UNITED STATES of America, Appellant,
v.
Mrs. Violet Green CONE, Appellee.
UNITED STATES of America, Appellant,
v.
Mrs. Eulalie BATES, Appellee.
UNITED STATES of America, Appellant,
v.
Mary M. OESTRICHER, Appellee.
UNITED STATES of America, Appellant,
v.
SANTEE HEADING CORPORATION, Appellee.
 Nos. 7411-7415.
 United States Court of Appeals Fourth Circuit.
 Argued May 30, 1957.
Decided July 6, 1957.
 
 Roger P. Marquis, Attorney, Department of Justice, Washington, D.C. (Perry W. Morton, Asst. Atty. Gen., N. Welch Morrisette, Jr., U.S. Atty., Columbia, S.C., Frank H. Cormany, Sr., Asst. U.S. Atty., Aiken, S.C. and Reginald W. Barnes, Attorney, Department of Justice, Washington, D.C., on brief), for appellant.
 Dorcey Lybrand, Aiken, S.C. (Lybrand, Simons & Smith, Aiken, S.C., on brief), for appellees, Lowrie, Bates, Oestricher and Santee Heading Corp.
 Augustine T. Smythe, Jr., Charleston, S.C., (Williams & Busbee, Aiken, S.C. and Smythe & Smythe, Charleston, S.C., on brief), for appellee Cone.
 Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.
 SOPER, Circuit Judge.
 
 
 1
 The question in these cases relate to the admissibility of evidence offered on behalf of the United States by real estate experts in support of their appraisal of certain properties in the process of condemnation by the United States for use in the Savannah River Operations of the Atomic Energy Commission. The Government was endeavoring to prove in the District Court that the amounts deposited by it in payment for the properties were not far out of line, and the witnesses in explanation of their valuations offered to show what they had learned upon inquiry as to sales of other properties in the same general neighborhood; but the testimony was rejected on the grounds (1) that it was based on hearsay and (2) that the properties were not comparable with those being condemned.
 
 Case No. 7411-- Edward W. Lowrie
 
 2
 In this case the tract of land condemned consisted of 258 acres on an all-year stream, consisting of 80 acres of open cultivated land and the rest woodland. The improvements included a 5-room house and a 3-room house, without electricity, and a barn. The declaration of taking was entered in January 1952, and the sum of $7,615.00 was deposited as just compensation at that time.
 
 
 3
 The owner valued the property at $19,350.00. Three lay witnesses, who appeared on his behalf, valued it between $15,000.00 and $16,000.00, and an expert valued it at $13,000.00. The testimony on behalf of the United States by a lay witness indicated a value of $8,000.00 and that of an expert witness indicated a value of $7,850.00. The jury returned a verdict of $13,820.00.
 
 
 4
 In support of his opinion, the Government expert offered to show the selling price of a tract of land of 63 acres, within one mile of the condemned land, consisting of 30 acres of open land improved by a house, a barn and other utility buildings, and 33 acres of woodland with an active stream. The sale took place on March 11, 1950. On objection this testimony was refused on the ground that the properties were not comparable in character. The Judge expressed the view that it is very seldom that sales of property can be found of sufficient similarity to justify their admission in evidence for purposes of comparison.
 
 
 5
 The Government expert in support of his opinion also offered to show the sales price on April 16, 1948, of a tract of land of 220 acres consisting of 95 acres of crop land improved by an old house without electricity, a barn and four outbuildings, and 125 acres of woodland with no stream. On objection this testimony was also excluded on the ground that the properties were not comparable, and more particularly on the ground the proffered testimony violated the hearsay rule.
 
 
 6
 We think that these rulings were erroneous in both particulars. It goes without saying that rural properties are never precisely the same, and if one starts with the conviction that only in rare instances are they sufficiently similar to permit a comparison of values, the Court in many cases will be deprived of one of the most persuasive indications of market values and one of the most reliable checks upon expert opinion. We are on record as approving the rule that ordinarily the value of lands and interests in realty at a particular time may be proved by evidence of voluntary sales of similar property in the vicinity made at or about the same time. United States v. 5139.5 Acres of Land, 4 Cir., 200 F.2d 659, 662; see also United States v. Certain Parcels of Land, 3 Cir., 144 F.2d 626, 155 A.L.R. 253. In the instant case the evidence was offered to explain how the expert arrived at his conclusions, and it should not be overlooked that an expert witness is always subject to cross-examination, which may well be devastating, when it is shown that the properties to which he refers are so dissimilar as to furnish no adequate basis for comparison. The exercise of the Court's discretion should be made with these considerations in mind.
 
 
 7
 We adhere to the settled rule that a broad discretion is vested in the Trial Judge in passing on the admissibility of opinion evidence in cases of this sort and to exclude remote or non-probative transactions in order to hold the trial within reasonable limits. Ordinarily his rulings will not be disturbed on appeal; but, as is illustrated in the cases relied on by the property owners themselves on this appeal, the discretion is not absolute and may not be so exercised as to impede either party in an adequate presentation of his case. See United States v. Becktold Co., 8 Cir., 129 F.2d 473, 479; United States v. Ham, 8 Cir., 187 F.2d 265, 270; Hickey v. United States, 3 Cir., 208 F.2d 269, 273.
 
 
 8
 The exclusion of the proffered evidence, on the ground that it violated the hearsay rule, was in conflict with the decision of this Court on an appeal from the Eastern District of South Carolina in United States v. 5139.5 Acres of Land, 200 F.2d 659. In that case an expert witness for the Government was asked as to sales of similar lands in the community near the time of the condemnation, which he had taken into consideration in arriving at his estimated value; and he proposed to testify as to a number of sales which had been uncovered in his investigation and had been verified by examination of the land records of the county. In holding that this evidence was erroneously excluded, Judge Parker said (at page 661):
 
 
 9
 * * * 'While the admission of testimony of this sort was a matter very largely within the sound discretion of the trial judge, the exclusion here rested, not upon a sound exercise of that discretion, but upon an erroneous application of the hearsay and best evidence rules. The witness within reasonable bounds should have been allowed to give the jury the facts upon which his opinion as to value was based; and it would unduly hamper the production of such testimony and needlessly prolong the trial to require that the sales be proved with the particularity that would be necessary in suits to enforce the contracts relating thereto. The hearsay and best evidence rules are important, but they should not be applied to prevent an expert witness giving in a reasonable way the basis of his opinion. As said by this court in United States v. 25.406 Acres of Land, 4 Cir., 172 F.2d 990, 993, certiorari denied 337 U.S. 931, 69 S.Ct. 1496, 93 L.Ed. 1738, 'Testimony as to value would be worth little or nothing, if witnesses were not allowed to explain to the jury their qualifications as experts and the reasoning by which they have arrived at the expert opinion to which they testify; and the rule is that they may thus give the grounds of their opinions. Wigmore on Evidence 2d Ed. sec. 562; Lewis, Eminent Domain 3d ed. Sec. 654.'
 
 
 10
 '* * * And, although there is some conflict in the decisions, we think the better rule is that where the opinion of an expert witness is based in part on such sales, he should be permitted to give the details of the sales upon which he bases the opinion, although the facts so stated do not become independent evidence.'
 
 
 11
 See also International Paper Co. v. United States, 5 Cir., 227 F.2d 201, 208; Jones v. United States, 258 U.S. 40, 48, 42 S.Ct. 218, 66 L.Ed. 453.
 
 
 12
 The property owners in the pending cases did not contend in this appeal that the proffered testimony violated the hearsay rule, but based their argument upon the well established rule that when testimony is excluded by the trial court an offer of proof must be made to preserve the question for appeal, if the significance of the excluded evidence is not obvious. Hoffman v. Palmer, 2 Cir., 129 F.2d 976, affirmed 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Sorrels v. Alexander, 79 U.S.App.D.C. 112, 142 F.2d 769; Rule 43(c), F.R.Civ.P. 28 U.S.C.A. There is no doubt as to the validity of this rule; and it is true that in this instance the sales prices of the comparable properties were not specifically stated but were withheld pending rulings of the court. Nevertheless, the contention can not be sustained because it was made clear to the court and to counsel in an extended discussion out of the presence of the jury that if the proffered evidence should be admitted it would show sales at prices well below the appraisals of the property owner's witnesses. The objections to the testimony were obviously made because it was believed to conflict with the property owners' testimony.
 
 
 13
 In the other condemnation cases in this group, to wit, No. 7413, Eulalie Bates; No. 7414, Mary M. Oestricher and No. 7415, Santee Heading Corporation, wide differences in the property valuations of the opposing sides were also disclosed and similar rulings upon the admissibility of evidence were made. On this account the judgments in these cases will be reversed and the cases remanded for further proceedings. Upon the new trial in all of the cases the parties will be free to offer any evidence bearing on the questions at issue, and the Judge will be free to exercise his discretion in passing upon the admissibility of the evidence in the light of this opinion, whether it be new evidence or evidence presented upon the trial under review.
 
 
 14
 We are asked to distinguish the remaining case-- No. 7412, Violet Green Cone-- because in one respect the ruling of the court was based on a different ground. One of the Government experts testified at some length as to the various types of soil and the acreage of each type in the property under condemnation and placed separate valuations upon each, but appraised a comparable property as a whole without specific analyses of the kinds of soil. His testimony as to the sales price of the comparable property was excluded. If this were the only point in the case we should not be inclined to disturb the judgment, but the ruling on the admissibility of the evidence of a second Government expert is open to the same objections as the rulings in the other cases.
 
 
 15
 The tract of land under condemnation consisted of 118 acres of unimproved farm land for which the sum of $3,150.00 was deposited and the declaration of taking was filed in court on June 17, 1952. The landowner was of the opinion that the land was worth $10,000.00; two neighboring farmers valued it between $9,000.00 and $10,000.00, and a lumberman and an appraiser, testifying on behalf of the owner, valued it at $6,100.00 and $6,000.00, respectively. A forester valued the timber at $3,115.90. The evidence of the Government, on the other hand, indicated that the timber was worth $1,000.00 and the testimony of the experts showed that the entire tract was worth $3,175.00 and $3,325.00, respectively. The jury returned a verdict of $8,250.00.
 
 
 16
 The second expert witness produced on behalf of the Government endeavored to explain the basis of his opinion by giving evidence as to the sale of 220 acres of land with some improvements on April 16, 1948. On the landowner's objection the evidence was excluded on the ground that the properties were not comparable since the tract referred to contained some improvements and the subject tract did not. Evidence of other sales was offered by the expert, namely, a sale on July 15, 1950, of a 98 acre tract about four miles distant on which the improvement was a worthless house that the purchaser tore down; also, a sale of a tract of 98 acres, consisting of 58 acres of open land and 40 acres of woodland; also, a sale in May, 1950, of 150 acres between three and four miles from the subject tract. All of this evidence was excluded in harmony with the attitude of the Judge in the other cases that sales of other properties were not admissible unless they were shown to be practically identical in character. For the reasons hereinbefore expressed, the judgment in this case will also be reversed and the case remanded for a new trial, to be conducted in the same manner as the trial of the other cases as indicated above.
 
 
 17
 During the course of the examination the Government expert volunteered the opinion that the other properties referred to in his testimony were comparable with the property under condemnation, but this evidence was stricken out on the ground that questions of comparability were to be decided by the court in ruling upon the evidence. We think it was error to foreclose any expression of opinion of the expert witness as to the comparability of the properties. It is, of course, the province of the court in the first place to pass on the admissibility of testimony and for the jury ultimately to pass on its sufficiency and weight; but the opinion of the expert himself is entitled to consideration in this respect and is necessarily involved whenever in support of his appraisal he offers evidence as to the sales of other properties.
 
 
 18
 Reversed and remanded.