312 F.2d 287
 UNITED STATES of America, Appellant,
v.
18.46 ACRES OF LAND, MORE OR LESS, Situate IN the TOWN OF
SWANTON, COUNTY OF FRANKLIN, STATE OF VERMONT, and
Homer H. Thibault, et al., and Unknown
Owners, Appellees.
 No. 137, Docket 27720.
 United States Court of Appeals Second Circuit.
 Argued Dec. 4, 1962.
Decided Jan. 21, 1963.
 
 George R. Hyde, Atty., Dept. of Justice, Washington, D.C. (Ramsey Clark, Asst. Atty. Gen., Joseph F. Radigan, U.S. Atty., Rutland, Vt., Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., on the brief), for appellant.
 John G. Kissane, St. Albans, Vt. (Bernard J. Leddy, Burlington, Vt., on the brief), for appellees.
 Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 This action for condemnation was instituted in June 1960. An order for delivery of possession was approved by the court on July 5, 1960. The issue of just compensation came on for trial on March 26, 1962, and a timely motion for a new trial was denied April 27, 1962. The appeal presents two narrow issues, each involving the exclusion of testimony.
 
 
 2
 At the time of the taking the property was part of a dairy farm owned and operated by Mr. and Mrs. Thibault, the appellees. In condemnation cases the compensation to which the condemnee is entitled is usually what "it fairly may be believed that a purchaser in fair market conditions would have given,' or, more concisely, 'market value fairly determined." United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 280, 87 L.Ed. 336.[1] Mr. Thibault testified the farm was worth $30,000 before, and $15,000 after, the taking. The corresponding figures of his expert witness were $30,000 and $20,000. The Government's expert said $27,000 and $24,500. The jury's vedict awarded $12,000 for the taking.
 
 
 3
 The first alleged error was the exclusion of testimony as to comparable sales. The Government's expert testified that the best method of arriving at market value was the use of comparable sales. This is the rule generally recognized, see Westchester County Park Comm'n. v. United States, 2 Cir., 143 F.2d 688, 693-694; United States v. 5139.5 Acres of Land, 4 Cir., 200 F.2d 659, 662 and authorities there cited. Of course, it is one thing to recognize that the expert appraiser may employ prices in comparable sales as a basis for his valuation of the land in question; it is quite another to allow into evidence his testimony concerning those prices, which will usually bbe at least in a technical sense hearsay. In the case at bar, the expert stated that he 'found four farms, one of them immediately adjacent that had sold only the year before.' Thereupon counsel for the appellees objected to the witness' stating any price with respect to the comparable sales on the ground that such testimony would be hearsay. The court ruled that any answer was hearsay 'unless he (the witness) was present when the deal was consummated.' We hold this was error. United States v. 5139.5 Acres of Land,supra.
 
 
 4
 Appellees seek to sustain the ruling on two grounds, the first of which is that admission of such testimony is a matter within the discretion of the trial judge. As a general matter this is true. United States v. 63.04 Acres of Land, 2 Cir., 245 F.2d 140, 144; United States v. 25.406 Acres of Land, 4 Cir., 172 F.2d 990, 994-995; United States v. Prettyman, 4 Cir.,142 F.2d 891. However, as stated in United States v. 5139.5 Acres of Land,supra, 200 F.2d at p. 662:
 
 
 5
 'Cases can readily be imagined where the court in its discretion should exclude evidence of this sort because of remoteness in time of the sales or because the property sold was not similar to that being valued, but it should not ordinarily be excluded under the hearsay or best evidence rules. * * * Ordinarily evidence as to facts of this sort given by an expert as the basis of his opinion as to value comes with a sufficient guaranty of trustworthiness to justify the relaxation of the hearsay and best evidence rules.'
 
 
 6
 In the case at bar, the court excluded evidence of the comparable sales as hearsay and not in the exercise of discretion, but had the court done the latter, we think exclusion of the evidence would also have been erroneous on the state of the record before us.
 
 
 7
 What has been said also disposes of appellees' second ground for sustaining the ruling, namely, that the Government had not laid a foundation for the expert's testimony by showint that the sales were comparable. This was not the objection made at trial, and was not the basis of the judge's ruling. Had an objection been made on that score, the Government might well have cured it. And, in any event, we think a prima facie showing of comparability was made; any attack upon it should have been developed upon cross-examination. The case of United States v. Katz, 1 Cir., 213 F.2d 799 is not, we think, contrary to our ruling.[2]
 
 
 8
 The second ground of alleged error related to the limitation of cross-examination concerning the sale of the farm after the taking. The price received, including personal property, was $35,000 and Mr. Thibault said he received only $15,000 for the real estate. The deed had stamps attached and Mr. Speer, who was present at the closing, testified he had received instructions as to the amount of revenue stamps to be purchased. The court would not allow him to say what his instructions were because the District Judge did not think 'that is an admissible element, of damage in this kind of case.' Revenue stamps are affixed to deeds pursuant to a federal statute which imposes taxes on deeds, there being a set ratio of amount of stamps to sale price. 26 U.S.C. 4361. Violation of this statute is a criminal act. 26 U.S.C. 7201. We hold that revenue stamps provide a reliable means of checking the self-serving testimony of the owner as to the actual consideration received for his realty. See Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892, 895; cf. Dickinson v. United States, 4 Cir., 154 F.2d 642, 643. The exclusion of Mr. Speer's testimony was erroneous. The question may have been badly worded but the objection was sustained on a ground so fundamental that counsel had no reason to believe that framing his questions with more nicety would yield any different result.
 
 
 9
 Judgment reversed and cause remanded.
 
 
 
 [1]
 For the unusual situation market value may not be the appropriate measure of compensation. See United States v. Certain Property, etc., 2 Cir., 306 F.2d 439, 447
 
 
 [2]
 The court in Katz ultimately affirmed the ruling of the District Judge excluding evidence of comparable sales 'on the ground that no abuse of discretion is shown, rather than upon the accuracy of the ruling as a matter of law.' 213 F.2d 799, 801