**Lottie M. Gilman BAILEY, Defendant, Appellant,**

v.

**UNITED STATES of America, Plaintiff, Appellee.**

No. 6142.

United States Court of Appeals
First Circuit.

Dec. 31, 1963.

Walter J. Griffin, Worcester, Mass., for appellant.

A. Donald Mileur, Atty., Dept. of Justice, with whom Ramsey Clark, Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., Stephen Moulton, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal from a judgment entered on the verdict of a jury in an action by the United States to take real property under its power of eminent domain. The principal question presented on this appeal by the landowner is whether the court below erred in its discretionary rulings allowing the government's expert witness to testify as to the prices paid for other parcels of land in the area.

■ This court is definitely committed to the proposition, which so far as we know is generally accepted, that, in the absence of recent voluntary sales of the condemned land itself, usually the best evidence of value available is the prices at which comparable lands in the vicinity of the land condemned change ownership in voluntary transactions at about the time of the taking. See United States v. Katz, 213 F.2d 799, 800 (C.A. 1), cert. denied, 348 U.S. 857, 75 S.Ct. 82, 99 L.Ed. 675 (1954); Baetjer v. United States, 143 F.2d 391, 397 (C.A.1), cert. denied, 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618 (1944).

■ No general rule can be laid down with regard to the similarity of the property sold to the property being valued or the remoteness in time of the sales of other property from the date of condemnation. Whether transactions involving other lands are near enough in time or involve sufficiently similar property are questions of the remoteness of the evidence offered and hence are questions addressed to the sound discretion of the trial court. There is no basis in the record before us for saying that the court below abused its discretion in its rulings on those questions.

■ ■ The question remains whether it was error of law for the trial court to have allowed the government's expert appraiser to testify on direct examination as to the prices paid for the lands which he said, and the court below properly found, were comparable when he had no direct personal knowledge of the prices paid for those lands.

The United States Court of Appeals for the Fourth Circuit in United States v. 5139.5 Acres of Land, etc., 200 F.2d 659, 662 (C.A.4, 1952), said: "The hearsay and best evidence rules are important, but they should not be applied to prevent an expert witness giving in a reasonable way the basis of his opinion."[1] Understanding this statement in its context to mean that the hearsay rule did not apply in the situation presented, this court in United States v. Katz, 213 F.2d 799, 800 (C.A.1), cert. denied, 348 U.S. 857, 75 S.Ct. 82, 99 L.Ed. 675 (1954), said that it did not agree and pointed out certain dangers incident to wholesale admission of hearsay to show the basis of the expert's opinion. But we did not go to the other extreme and hold that the hearsay rule applied in all its rigidity.

The trial court in Katz had ruled "as a matter of law, and as a matter of discretion if not as of law" that it would not allow the government's experts to testify on direct examination as to the prices paid at about the time of the taking for similar lands in the vicinity unless their information was based upon first hand personal knowledge. This court affirmed. But it did not do so on the first ground relied upon by the trial court. We said in the final paragraph of our opinion that we were loath to circumscribe a trial court's discretion by laying down a rule of law prohibiting an expert witness from ever giving the hearsay grounds upon which his opinion rests. Believing that there might be situations in which a trial court would think it helpful to the jury to allow an expert to give the basis for his opinion, even if resting upon hearsay, we sustained the ruling of the court below as a sound exercise of discretion. So much depends upon the trial court's appraisal of the calibre of experts offered as witnesses on the issue of fair value that we think the trial court should have discre-

1. We are not here concerned with the admissibility of hearsay as substantive evidence of the prices paid for similar lands in the vicinity of the land condemned.

tion to permit qualified expert appraisers to testify when giving the basis for their opinions as to the sale prices of comparable properties even though they did not have direct knowledge of the prices paid for such lands.

Judgment will be entered affirming the judgment of the District Court.