**UNITED STATES of America, Plaintiff-Appellee,**

v.

**124.84 ACRES OF LAND, MORE OR LESS, Situate IN WARRICK COUNTY, STATE OF INDIANA, Chester S. Vanada and Betty Ray Vanada, Robert P. Lant and Gertrude A. Lant et al., Defendants-Appellants.**

**No. 16196.**

United States Court of Appeals Seventh Circuit.

Jan. 2, 1968.

William T. Fitzgerald, F. Wesley Bowers, Evansville, Ind., for appellants.

Richard P. Stein, U. S. Atty., Sidney Milum, Asst. U. S. Atty., Indianapolis, Ind., Edwin L. Weisl, Jr., Asst. Atty. Gen., Robert M. Perry, Roger P. Marquis, Attys., Dept. of Justice, Washington,

**914**

D. C., Claude D. Brown, Sp. Asst. to the U. S. Atty., Indianapolis, Ind., for appellee.

Before CASTLE, SWYGERT and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

The defendants-appellants, Chester S. Vanada, Betty Ray Vanada, Robert P. Lant and Gertrude A. Lant, prosecute this appeal from a judgment order of the District Court approving and adopting a report of Commissioners appointed pursuant to Rule 71A of the Federal Rules of Civil Procedure. The report fixes the sum of $40,867.00 as the just compensation due the defendants for 47.52 acres of land taken by the government to provide for the construction of a navigational lock and dam on the Ohio River. The acreage involved, referred to as Tract No. 108, is located along the northern shore of the river in Anderson Township, Warrick County, Indiana, east of Newburgh, Indiana. It was unimproved at the time of the taking, and approximately 30 acres of the tract was subject to annual flooding. It had been used for agricultural purposes. Intervening between the northern boundary of the tract taken and a state highway there remained a narrow strip of land about twenty feet higher than the acreage taken, and upon which there had formerly stood 14 summer houses or cabins utilized in connection with fishing and boating.

On appeal the defendants contend the District Court erred in overruling their objections to the commission's report. The government counters with contentions that the objections were inadequate for lack of specificity, and that, in any event, the arguments advanced by the defendants on appeal do not demonstrate the existence of error requiring a reversal.

■ A number of the objections made by defendants to the report are too general to comply with the mandate of United States v. Merz, 376 U.S. 192, 199,

84 S.Ct. 639, 643, 11 L.Ed.2d 629, that such objections be "in specific, rather than in generalized form".[1] And, although the objection made concerning the commission's admission of testimony of the government's valuation witness with respect to sales of properties some 25 miles distant from the tract taken, and also challenged for lack of comparability; the objection that the commission improperly discriminated between the defendants and the government with respect to the admission of testimony concerning post-take sales of property; and the objection relative to the exclusion of testimony proffered by defendants as to the value of real estate asserted to be comparable with the tract taken, might well have been more specifically made, it is our conclusion, based on the limited number of valuation witnesses who testified, the relatively few sales to which reference was made, and the brevity of the record as to Tract 108, that the objections sufficed to pin-point the relevant testimony alluded to and the particular issue raised.

■ We are likewise unpersuaded by the defendants' contention that the commission's report was insufficient to provide the basis for proper review. The commission's summarization of the valuation testimony reflects the commission's analysis of the substance of that evidence, and the portion of the report devoted to expressing the commission's conclusions and reasons distinctly marks the path followed by the commission in reaching the amount of the award.

■ The commission's factual findings may not be rejected unless they are "clearly erroneous". Rule 53(e) (2) of the Federal Rules of Civil Procedure is applicable to such findings. United States v. Merz, 376 U.S. 192, 198, 84 S.Ct. 639, 643, 11 L.Ed.2d 629. And, as pointed out in *Merz:*

The commissioners need not make detailed findings such as judges do who

---

1. In this connection see also: United States v. Lewis, 9 Cir., 308 F.2d 453; Morgan v. United States, 8 Cir., 356 F.

2d 17, 23–24; and United States v. Certain Lands in City of Statesboro, 5 Cir., 341 F.2d 742.

try a case without a jury. Commissioners, we assume, will normally be laymen, inexperienced in the law. But laymen can be instructed to reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on. We do not say that every contested issue raised on the record before the commission must be resolved by a separate finding of fact. We do not say that there must be an array of findings of subsidiary facts to demonstrate that the ultimate finding of value is soundly and legally based. The path followed by the commissioners in reaching the amount of the award can, however, be distinctly marked. Such a requirement is within the competence of laymen; and laymen, like judges, will give more careful consideration to the problem if they are required to state not only the end result of their inquiry, but the process by which they reached it.

■■■ We turn to consideration of the defendants' contentions that the commission erred in the admission and in the exclusion of testimony concerning sales relied upon as comparable. The testimony of the government's valuation witness included testimony with respect to sales of properties 20 to 25 miles distant from Tract 108. In this connection the witness testified to the effect that to find overflow river bottom land with the same characteristics and soil type as Tract 108 it was necessary to move over into the area of the adjoining county. One of defendants' witnesses had testified, in this respect, that he found it "a little hard to find comparables on farm land, that is, this type land". We perceive no error in the admission of the testimony concerning the sales to which defendants object. The test of comparability of sales is not dependent upon mere distance alone. Similarity of character and locality depends not upon mere propinquity. Knollman v. United States, 6 Cir., 214 F.2d 106, 109. The sales here in question

were all within the same market area, and were of properties in the same flood plain, subject to similar overflow, and of the same soil type as the subject property. Determination of comparability rests within the discretion of the trier of the facts, and ordinarily will not be disturbed on review. Bailey v. United States, 1 Cir., 325 F.2d 571, 572; Fain v. United States ex rel Tennessee Valley Authority, 6 Cir., 145. F. 2d 956, 958. Cf. United States v. Lowrie, 4 Cir., 246 F.2d 472, 474. Any dissimilarity in comparable sales goes to the weight of the testimony, rather than to its admissibility. Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892, 895. The weight to be accorded evidence of sales of similar properties is for the trier of the facts—here the commission. United States v. Meyer, 7 Cir., 113 F.2d 387, 397.

The valuation testimony of the defendants' witnesses related primarily to sales of nearby properties for industrial and commercial purposes. The commission in its report concluded that due to the low elevation of Tract 108 and the high cost of fill, factors established by the evidence, the highest and best use of the tract must be considered to be agricultural, but because of a "presently existing and recognized potential for a higher use at some time in the future" for which a willing buyer would pay, the commission found a value of $860 an acre rather than the $525 an acre valuation placed on the tract by the government's witness on the basis of agricultural use.

■■ The commission, however, did exclude testimony proffered by defendants by which they sought to establish the capitalized value of a post-take 99 year lease of an adjacent 30 acre tract. The government objected to the admission of this testimony on the ground, *inter alia*, that the lease was a special-purpose lease. The record shows that this lease was granted by George Vanada, a brother of defendant Chester Vanada, to Ryan Construction Co. in June 1966. Ryan was a contractor on the government project's cofferdam. Although Ryan had

completed its work it had applied for a permit to excavate gravel from the cofferdam bar. Ryan leased the site in question as a place on the river where it could consolidate, store and repair its equipment; have a headquarters; utilize the site as a loading dock; and from which it could conduct the retail sale of gravel and crushed rock.

■ We perceive no error in the exclusion of the testimony relating to the Ryan lease. It is apparent that the lease reflects the unique and special needs of the contractor, and value based on such elements is not a proper basis for the determination of fair market value of the property involved, much less as a measure of the fair market value of adjacent premises. In Kimball Laundry Co. v. United States, 338 U.S. 1, 5, 69 S.Ct. 1434, 1437, 93 L.Ed. 1765, it is pointed out in this connection that:

"* * * In view, however, of the liability of all property to condemnation for the common good, loss to the owner of non-transferable values deriving from his unique need for the property or idiosyncratic attachment to it, like loss due to an exercise of the police power is properly treated as part of the burden of common citizenship."

■ The defendants' remaining contention is that prejudicial error resulted from improper discrimination between the defendants and the government by the commission in its rulings on the admissibility of testimony concerning post-take sales. This contention is without merit. The defendants posit prejudicial discrimination on the commission's exclusion of the proffered testimony relative to the capitalized value of the Ryan lease while permitting the government's witness to testify with respect to a post-take sale. The post-take sale testified to by the government's witness served merely to up-date the government's sales evidence, and, in fact, reflected an increase in value to the defendants' advantage. The exclusion of the Ryan lease testimony, however, was entirely proper, as indicated above, for a reason other than the coincidence of its post-take date.

The judgment order of the District Court is affirmed.

Affirmed.