**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

17.83 ACRES OF LAND, MORE OR

LESS, SITUATED IN WASHINGTON
COUNTY, STATE OF MARYLAND; PHILIP
SYNG PHYSIOC; JOANNE PHYSIOC, his
wife; UNKNOWN OTHERS,
Defendants-Appellants.

No. 97-1466

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-95-278-JFM)

Submitted: November 25, 1997

Decided: March 18, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gorman E. Getty III, BRITT, GETTY, PARSONS & THOMPSON,
Cumberland, Maryland, for Appellants. Lois J. Schiffer, Assistant
Attorney General, Martin W. Matzen, Joy Ryan, Aimee Jimenez,

Ronald M. Spritzer, Environment and Natural Resources Division, Appellate Section, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is an appeal from a final judgment of condemnation awarding the Appellants Philip and Joanne Physioc $77,000. Appellants contend that the district court erred in granting the Government's motion in limine seeking to exclude evidence of a telecommunications tower as the highest and best use of the property. Appellants alleged in the district court that the value of their property as a telecommunications tower site was $265,000. Finding no abuse of discretion, we affirm.

The property is a rectangular parcel of land located atop South Mountain in Washington County, Maryland. On the property is a two-story stone and frame cottage. There is no electricity, telephone service, well or sewage system on the site. Access to the property is via a one lane, dirt, public roadway maintained by the Physiocs. To directly access the property one must use a 1000-foot footpath that passes through property owned by the State of Maryland. Shortly after these proceedings commenced, the Maryland Department of Natural Resources ("MDNR") denied a request by Potomac Edison Company for a right-of-way crossing state property for a power line to provide electricity to the Physiocs' property. The MDNR found that the proposed right-of-way would be inconsistent with current plans for the Appalachian Trail corridor and South Mountain State Park.

A district court's refusal to admit evidence in a condemnation proceeding is reviewed for abuse of discretion. See United States v.

2

Lowrie, 246 F.2d 472, 474 (4th Cir. 1957); United States v. Prettyman, 142 F.2d 891, 893 (4th Cir. 1944). The Fifth Amendment provides that no private property shall be taken by the United States without just compensation. The compensation due the property owner may be depend upon the property's current use or it may depend upon a use that would be the "highest and most profitable use." Olson v. United States, 292 U.S. 246, 255 (1934). Generally, the current use is considered the most profitable use. However, the property owner may show that an alternate use is the highest and most profitable use, if he can show that the "use is `reasonably probable' and that the probability has a real market value." United States v. 69.1 Acres of Land, 942 F.2d 290, 292 (4th Cir. 1991); see also United States (ex rel. TVA) v. Powelson, 319 U.S. 266, 273 (1943) (property owner has the burden of proving the value of the subject property). The district court may disallow evidence that is "remote," Lowrie, 246 F.2d at 474, or that would allow for "mere speculation," Olson, 292 U.S. at 257.

The Physiocs proffered the testimony of three experts regarding the potential value the property had as a site for telecommunications towers. The experts opined that the property was in a desirable location, considering its height and its location to Hagarstown and Frederick. The evidence also showed that there was an increasing demand for tower sites. None of the proffered evidence showed how much it would cost to convert the property from its current use as recreational property to one suitable for a telecommunications tower.

Without showing the cost of development, the Physiocs' contention that a telecommunications tower would be profitable is conclusory. Furthermore, without electrical power, such use is merely speculative and not "reasonably probable." Olson, 292 U.S. at 257. Even the Physiocs' counsel conceded that the lack of electricity made their proffer problematic, leaving them "in the position of having to suggest that either solar power or some kind of generating equipment would . . . power the site." (J.A. at 396.) One of the Physiocs' experts stated, however, that a telecommunications tower could not operate on solar power.

The Physiocs failed to show that the highest and most profitable use of their property would be as a telecommunications tower site

3

because they failed to demonstrate that such use was either physically or economically feasible. Accordingly, we affirm the judgment and order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4