CAVANAUGH, Judge.
These two suits were consolidated in the District Court on the trial of rules instituted by each of the appellants to tax the cost in which they were made defendants in expropriation proceedings. The plaintiffs, Oliver S. LaBauve ánd Jane Poche LaBauve, contend that they expended, or agreed to pay, a total sum of $887.50 to expert witnesses testifying in the case and a balance of Court costs amounting to $29.35. The amount is made up of $200 claimed to be due James M. Barnett; $412.-50 claimed to be due J. R. Doiron; $175 to Owen Barry; $50 to Fred Heroman, Jr., and $50 to V. R. Perkins.
In the Harrell case the expert witness fee claimed to be due James M. Barnett is $250, J. R. Doiron $719.50, Owen Barry $350, Fred Heroman, Jr., $50 balance of Court costs $54.50 and $63.75 for photostats of documents, or a total amount of $1,487.75.
In the LaBauve case on the trial of the rule the trial judge found that the amount due the expert witness James M. Barnett had been paid and that the only sum due him would be his fee for making an ex *863 amination of the-property to testify in the case. The court -awarded the sum of $50 to Fred Heroman,'Jr., as an expert witness and the sum of $50 as a fee to Verdie Reese Perkins as an expert witness and the sum of $50 to James M. Barnett; and the,sum of $150 as a fee to James Russell Doiron as an expert witness and the sum of $150 to Owen Barry as an expert witness. It further decreed that $29.35 was due the Clerk of Court for costs and that $12.50 should he paid to J. Russell Doiron for photographs. See page 55 of transcript, VcJ. 1, “A”, 40979. Thus reducing the defendants’, plaintiff in rule, claim for reimbursement of costs from $916.85 to $491.85.
In the Harrell case the same expert witnesses were used except V. R. Perkins, who did not testify in the case. The defendant, plaintiff in rule in this case, claimed that he had agreed to pay Barnett for testifying and serving as án expert witness,''for'inspecting, analyzing and appraising the property, the sum of $100 and $50 for each day he appeared as a witness '.in court, or a total fee of $250. The expert witness Doiron claims a fee for inspecting, analyzing and appraising the property in the sum of $300 and $100 per day for the four days he served in Court, or $400. He also claimed $19.50 for the cost of making photographs, or a total fee of $719.50. The expert witness Owen Barry claimed he was entitled to an appraisal fee of $100 and $50 per day for each of the five days he appeared as an expert witness in court, or a total of $250 for appearing as a witness, which, with the $100 for an appraisal fee, would make his total claim amount to $350. The expert witness Fred Heroman claims $25 for an appraisal and inspection of plants and .$25 witness fee for testifying in court, or a total of $50. The balance due the Clerk of Court for costs was $54.50. This defendant also claimed reimbursements for $63.75 expended for photostats, of deeds used and filed in evidence, or a total cost of $1,487.75.
The trial court allowed the expert witness James M. Barnett an appraisal fee of ‘$75 for an examination and study of the property involved in the suit preparatory-to giving his testimony and found that he' had already ■ been paid a witness fee for attending and testifying in Court.
He awarded Fred Heroman, Jr., a fee ás!an expert witness in the amount .of $50- and approved the item of $63.75 costs expended by the defendant for photostats and the 'balance due the Clerk of' Court amounting to $54.50. The district judge found that the expert witness -J. Russell Doiron attended' court' for four days in order to give testimony 'in the case but that one of the days was also in attendance on the Court in order to give testimony as an expert witness in. another case being tried in another division, and the court also found that Owen L. Barry attended court for five days in order to give testimony in the case but that one of those days was also. in attendance on the court in order to give testimony as an expert witness in another case. He allowed a fee of $250 for the witness J. Russell Doiron and allowed a fee of $300 to the witness Owen Barry and also allowed the witness J. Russell Doiron $19.50 as costs for certain photographs made or procured by him and used in evidence on the trial of the case.
We have carefully studied the testimony adduced on the trial of the rules to tax the costs and we believe that under the evidence the fees fixed by the court for each of the expert witnesses were reasonable and proper for the services performed. The.plaiptiff in these cases was conducting expropriation proceedings, in more that one section. of the Court simultaneously and these expert witnesses were serving a.s witnesses in each one of the cases for the respective property owners and the trial judge only allowed each of them a fee of $50 per day irrespective of the number of cases they testified in but also allowed them a reasonable fee for making an appraisal of the property. Our study of the evidence convinces us that if any one of these expert witnesses had devoted a- full day’s time to inspecting and preparing himself to testify in any one of *864 the cases all of the preparatory work could have been done in one day on the properties, of each defendant in the suits. Some of them made several trips to the property and only remained there a few hours on. each occasion and the respective assignments did not interfere with their carrying on their usual business activities insofar as making an inspection and appraisal of the property and in preparation for the trial. The fees awarded by the trial judge to defendants’ expert witnesses for making an appraisal of the property was .more than that paid by the plaintiff to its experts for inspecting and appraising the property preliminary to giving testimony.
There is not any question that when the State or any of its subdivisions undertake to expropriate property of a citizen for public purposes just arid adequate compensation must be paid and that a defendant property owner in expropriation proceedings is not bound for any court costs and the defendant property owner is entitled to have the cost incurred by him in defending the suit brought against him to appropriate his property taxed against the State or public agency. State v. Barineau, 225 La. 341, 72 So.2d 869. Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389; Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129. But the obligation of the State to pay the cost incurred by the defendant, in defending his suit means reasonable costs and fees to be fixed and approved by the Court before whom the case is tried and can' not mean to imply any sum an expert witness and a property owner arbitrarily agree upon." The records in these cases show that the district judge went upon and inspected the properties before he made an award to the defendants and certainly he took into consideration when he fixed and allowed the fees for the experts the time he thought was necessary to make proper appraisals and to prepare themselves to give testimony.
“In determining the amount of the fee the court will not allow for attend-, anee for a longer period than was actually necessary, and will limit the per diem allowance to a reasonable amount.” 20 C.J.S., Costs, § 244, p. 479.
The judgment rendered herein is applicable to the case of State of Louisiana, through Department of Highways v. La-Bauve and a separate decree will be entered in the case of State of Louisiana, through the Department of Highways v. Harrell.
For the reasons assigned the judgment of the District Court is affirmed.