93 So.2d 198

**RECREATION AND PARK COMMISSION OF EAST BATON ROUGE PARISH**

**v.**

**Mrs. Adella B. PERKINS et al.**

No. 42809.

Jan. 21, 1957.

Rehearing Denied Feb. 25, 1957.

J. St. Clair Favrot, Dist. Atty., Baton Rouge, for plaintiff-appellant.

Laycock & Stewart, for defendants-appellees.

PONDER, Justice.

The plaintiff has appealed from a judgment of the lower court awarding the defendants $131,370 for the lands expropriated by the plaintiff. The plaintiff takes the position that the award should be decreased to $57,867. The defendants have answered the appeal asking that the award should be increased to $148,853.25.

The plaintiff expropriated 43.79 acres of the defendants' lands situated in the City of Baton Rouge. It appears that the plaintiff offered the defendants $94,270 for the lands prior to the filing of the suit which was refused by the defendants. Thereafter, the plaintiff brought these proceedings and on the date of the trial the plaintiff offered the defendants $57,867 for the property, which was refused by the defendants. The case was then tried and the lower court awarded the defendants the the amount heretofore set out. The plaintiff has appealed and the defendants have answered the appeal.

The sole questions presented in this case are the value of the property expropriated and the fees to be paid the defendants' experts who testified in the case.

It appears from the judgment of the lower court that the value of the lands was fixed at $3,000 per acre which was based on sales of similar property situated in the vicinity. However, we find that the lower court made no allowance for the improve-

ments on the property. The improvements consisted of a house which the evidence shows was worth $6,000.

It appears from the record that a number of witnesses testified as to the value of the land, fixing its value at prices ranging from $753 per acre to $3,250 per acre. Only two of these expert witnesses, defendants' witnesses, based their appraisal of the value of the land on recent sales of similar property located in the same vicinity. One of these witnesses fixed the price at $3,200 an acre and the other at $3,250 an acre. These figures were based primarily on the sale of property for the Howell Elementay School site which adjoins the property in dispute herein which was recently sold for $3,220 per acre.

The testimony of the experts offered by the plaintiff was to the effect that they had to adjust the price of the Howell School site because the property was inundated in 1953. These expert witnesses based their appraisal of the property on their opinion as to what it would be worth as a subdivision without taking into consideration the sales of comparable property in the vicinity.

The defendants offered in evidence copies of deeds of recent sales in the near vicinity of similar property ranging in prices from approximately $3,000 per acre to $9,000 per acre. The evidence shows that all of the property in that vicinity is subject to overflow from Hurricane Creek and that the only occurrence of inundation was in 1953. It does not appear that this property was anymore affected than the other property that had sold for prices in excess of $3,000 per acre.

The trial judge undoubtedly accepted the estimates of the value of the lands fixed by the two experts who based their opinions on recent sales of similar property in the vicinity. We agree that the trial judge was correct in his conclusion because the owner is entitled to the market value of the property and best criterion of that value is the value paid for similar property in recent sales in the vicinity. Caddo Parish School Board v. Willer, 227 La. 201, 78 So.2d 833; Greater Baton Rouge Port Commission v. Watson, 224 La. 136, 68 So.2d 901; City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36. However, it does not appear that the trial judge allowed the defendant any award for the improvements located on the property and the judgment should be amended in this respect by allowing the defendants and additional amount of $6,000 for these improvements.

The question of the fees allowed the expert witnesses in this case has given us much concern. The two realtors were awarded $1,700 each, consisting of $200 for two days attendance in court and $1,500 for preparation to testify. The engineer was

awarded $800 for his services rendered in preparation and testifying in the case.

It does not appear that any of these witnesses appeared in court more than two days. It is contended that under the provisions of R.S. 13:3666 expert witnesses are not only allowed a fee for testifying in the case but are entitled to an additional fee for the preparation founded on study and examination. The following cases are cited in support of this contention: State v. La Bauve, La.App., 75 So.2d 862; East Baton Rouge Parish School Board v. Ford, La.App., 76 So.2d 20; Lotz v. Polizzotto, La.App., 161 So. 901, Duvernay v. Airey, La.App., 172 So. 815. We have examined these cases and find that an expert is entitled to a fee for the time used in preparation for testifying in court and the time allowed for appearance in court   But only one case fixes the amount for such preparation and appearance and that is State v. La Bauve, supra, wherein the experts were allowed a fee of $50.00 per day for the time they actually appeared in court and approximately $100 for preparatory work.

■ Fees to be paid experts depend much on the time lost and the extent of their examination of matters on which they express an opinion and it appears that no absolute rule can be fixed as to the amount to be allowed in all cases. Unquestionably under the provisions of LSA–R.S. 13:3666

experts are entitled to not only a fee for their appearance in court but also an award for their preparatory work, but these fees must be reasonable and somewhat in line with the fees heretofore allowed by the courts of this state.

■ Under the evidence in this case, it is impossible to tell how much time was consumed by these experts in preparatory work and it does not appear that the preparatory work interfered with the carrying on of their usual business activities. Under the circumstances, we feel that $50 per day for attendance in court and $150 for preparatory work is a reasonable amount.

■ There was evidence introduced to show that a greater amount was paid by plaintiff to its witnesses. The simple answer to this is that the amount agreed to be paid by the parties is no criterion to be used by this Court in fixing expert fees.

For the reasons assigned, the judgment of the lower court is amended by increasing the award to the defendants in the amount of $6,000 for the improvements located on the expropriated lands; the judgment is further amended by decreasing the award to the expert witnesses so as to allow each of the three expert witnesses $250 each for attendance in court and preparatory work and as thus amended the judgment of the lower court is affirmed.