94 So.2d 9

The MISSISSIPPI RIVER BRIDGE AUTHORITY, acting herein for and on behalf of the State of Louisiana,

v.

Mrs. Juanita Briede CURRY, Divorced Wife of William J. Curry, Sr.

No. 42826.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

John W. Bryan, Jr., New Orleans, for plaintiff-appellant.

John J. Blasi, William J. Curry, Jr., New Orleans, for defendant-appellee.

PONDER, Justice.

The plaintiff brought suit to expropriate the property of the defendant, a four-plex located at Nos. 1144–46–48050 Camp Street. In answer to the suit, the defendant admitted the right of the plaintiff to expropriate the property and alleged that the true value of the property was $40,500. Upon trial, the lower court gave judgment awarding the defendant the sum of $35,000. The plaintiff has appealed and the defendant has answered the appeal asking for an increase of the award to $40,500.

The plaintiff-appellant contends that the lower court erred in basing its judgment on testimony relating to replacement value and value of commercial property when in fact the property involved herein was residential. Appellant takes the position that the only evidence the court could consider is a fair market value based solely on revenue without indulging in speculation.

The plaintiff offered the testimony of two witnesses, Max J. Derbes and E. Holland Johnson, both realtors in the City of New Orleans, who testified that the fair market value was $24,500, the basis of the price being the rental of the property for $203 a month. Mr Derbes testified that in duplexes, fourplexes, and double houses comparable sales show that the income approach is the most reliable approach for market value. He stated: "My appraisal is the market value of the property and in my opinion the market value of a four-apartment house is based solely on revenue." Mr. Johnson's testimony is to the same effect.

The witnesses for the defendant were Henry C. McCarthy, a construction engineer, engaged in general construction and real estate appraisal for banks and insurance companies, and two realtors, Cliff Probst and James C. Salvant.

Mr. McCarthy testified only as an appraiser of the value of the improvements and replacement value, and his tabulation took into consideration the quality of the lumber used, construction, and the fact that the house contained many marble mantlepieces. He valued the building alone at $33,000.

Mr. Probst testified that the building was under-rented and that rent is not the sole factor in determining market value but reproduction plays an important part in fixing the price. He testified that there were no comparable sales in that neighborhood similar to this particular property because, although it was used as residential property, it was classified as G commercial. He did give testimony on sales of commercial property in that vicinity. He stated that in his opinion the fair market value of the defendant's property was $39,300.

Mr. Salvant testified that there were no comparable sales in the immediate vicinity because the other properties in close proximity were either commercial or commercial downstairs and residential upstairs and, therefore, the rental was not a controlling factor because in such mixed neighborhoods rental is exceptionally low. His figure for fair market value was $40,000.

There is no doubt that recent sales of comparable property are the best criteria of value in expropriation proceedings. See Caddo Parish School Board v. Willer, 227 La. 201, 78 So.2d 833; Greater Baton Rouge Port Commission v. Watson, 224 La. 136, 68 So.2d 901; City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36; and Recreation and Park Commission of East Baton Rouge Parish v. Perkins, La., 93 So. 2d 198. However, the evidence relating to recent sales in the vicinity is of little value owing to the nature of this property.

Replacement cost is not the fair method of calculating the value of improved property. City of New Orleans v. Noto, 217 La. 657, 47 So.2d 36. The rental value of, or income from, property expropriated is not the measure of compensation but is material only insofar as it throws light on the market value of property. Louisiana Highway Commission v. Paciera, 205 La. 784, 18 So.2d 193; Housing Authority of New Orleans v. Persson, 203 La. 255, 13 So.2d 853. The market value of private property expropriated for public purposes is what a willing purchaser would pay a willing seller under ordinary circumstances.

The property in question is on a lot containing 6,404 square feet and the building is a frame building with asbestos siding, two stories high, containing 17

rooms and 4 baths with 4 hot water heaters and there is one garage and a storage shed. The evidence reflects that the building is in good condition. Appraisals range from $24,500 to $40,000 according to the testimony of the expert witnesses offered. Under the circumstances, we cannot say that the trial judge erred in setting a price of $35,000 as the amount to be paid the defendant herein.

For the reasons assigned, the judgment of the lower court is affirmed.