YARRUT, Judge.
This is an appeal from a judgment awarding defendants $1,896 as the market value of their expropriated property, and $100 fee for the expert who testified in their behalf. While defendants raised pleas of prematurity and excessive expropriation, all defenses have been abandoned except the question of market value and the appraisal fee.
The property expropriated is a small tract located in upper Boothville, Plaquemines Parish, and adjoins the upper side of land previously acquired by plaintiff. The land is needed for a reservoir for the storage of fresh water from the Mississippi River during high river stages when its waters are fresh, to insure a supply of fresh water for purification and distribution through its water system when the river is at low stage.
The subject tract is more particularly described as the triangular half of a rectangular plot with the base fronting 255 feet on the batture of the Mississippi River, with the apex of the triangle extending 965 feet from the batture to within a point 310 feet from Louisiana State Highway No. 23. If completely rectangular, the plot would encompass about 5 acres, so that the triangular half is only half the total or, con-cedely, 2.37 acres.
After hearing the testimony as to fair market value, the District Judge, in his reasons for judgment, inter alia, gave the following reasons for his fixing the market value at $1,896:
“The land is accessible only from the levee and does not reach the Highway. It is inaccessible for use over the greater portion of its depth. Because of the peculiar shape of this triangular piece of land, it can hardly be compared to other lands in surrounding area. Evidence was offered of the sale price of the adjoining property, consisting of 2 arpents or 384 feet front on the Levee extending back between parallel lines to the paved Highway at about $450.00 an acre, and of two lots measuring 66 feet fronting on the paved Highway by 150 feet in depth between parallel lines towards the River levee, at $200.00 per lot. By comparison, the property to be expropriated would consist of about 4 useable lots fronting on the levee. The narrow rear portion of the property is inaccessible and would command a small price on the open market. The testimony of the Defendants’ expert shed very little, if any, light on property values in the area, or on the value of the subject property. The expert realtor’s testimony was based on surmise and hearsay and was not helpful to the Court in arriving at the value of the property in question.
“From all the evidence submitted, the Court is of the opinion that a fair market value of the property could not exceed $800.00 per acre for the 2.37 acres expropriated in this case. Therefore, judgment will be rendered on that basis, or $1,896.00.”
The primary comparable sale relied upon by plaintiff is the purchase of the adjoining *268 11 acres, more or less, at a price of $450 an acre. These 11 acres were concededly used as a “borrow pit” and the earth excavated therefrom in some instances as deep as four feet by the former owner.
Mr. Max Derbes, realtor, for defendants, assessed the entire property at $3,755 on the basis of $1,500 an acre for the land and $200 for the remnants of a small building thereon. Mr. Derbes’ appraisal was based on sales he called comparable, but located quite a distance from the subject property. Mr. Richard M. McBride, attorney and notary public, who made the inventory in the succession of the deceased-owner, fixed the value at $2,725, based on 45% of the assessment of $1,100, on the theory that the tract of land contained 5, instead of 2.37, acres, the presumption being created by the belief that the width of the tract extended the full depth between equal parallel lines, rather than being the triangular half of a rectangular tract measuring 255 by 965 feet.
Mr. Dewey Cognevich, Parish Assessor, thought the property was worth $1,000 an acre, though it was assessed for $1,100, and testified that his assessment of this property over the years was 25% of its value per acre, and explained that, until he saw the survey recently made showing the subject property to be triangular, he believed the width of 255 feet fronting on the River extended the full depth of 965 feet, between parallel lines, and included 5 acres, more or less, instead of the 2.37 acres conceded. From all this testimony, the Trial Judge concluded that the property was worth $800 an acre.
From the testimony, we conclude that a fair valuation would be $1,000 an acre, or a total of $2,370 for the 2.37 acres, plus $200 for the building located thereon.
With reference to the fee for the expert, Mr. Derbes testified he spent a day in Court and a day-and-a-half making the appraisal; that he had an agreement with the owners for a fee of $250, $100 for appearing in Court and $150 for out-of-Court preparation. The courts are not bound by contracts between realtors and owners regarding their compensation.
As stated in Recreation and Park Commission of East Baton Rouge Parish v. Perkins, 231 La. 869, 93 So.2d 198, 200, to wit:
“Fees to be paid experts depend much on the time lost and the extent of their examination of matters on which they express an opinion and it appears that no absolute rule can be fixed as to the amount to be allowed in all cases. Unquestionably under the provisions of LSA-R.S. 13:3666 experts are entitled to not only a fee for their appearance in court but also an award for their preparatory work, but these fees must be reasonable and somewhat in line with the fees heretofore allowed by the courts of this state.”
In the case of Recreation and Park Commission of East Baton Rouge Parish v. Perkins, supra, the Court allowed $250 each to two experts where the property expropriated was valued at $137,000, $50 per day for appearing in Court, and $150 for preparation out of Court.
Since the appraisal in this case is fixed at $2,570, to allow a real estate expert $250 would be equivalent to giving him 10% of the amount fixed by the Court. We think $150 here would be fair and adequate.
For the reasons assigned, the judgment of the District Court will be amended to increase the award to defendants to $2,570 and the appraisal fee increased to $150, and as amended, the judgment is affirmed; costs in both Courts to be paid by plaintiff-ap-pellee.
Amended and affirmed.