THE STATE OF MONTANA, STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, AND HARRY L. BURNS, L. V. SWANSON, OTIS S. WATERS, S. N. HALVERSON, AND ROY L. SORRELS, AS MEMBERS OF AND CONSTITUTING THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFFS AND APPELLANTS, v. MARGUERITE GREENFIELD, A SINGLE WOMAN, CHARLES D. GREENFIELD, A MARRIED MAN, THOMAS L. GREENFIELD, A MARRIED MAN, HEIRS OF MARIETTA GREENFIELD, DECEASED, AND MRS. HARRIET E. MUNGER, COUNTY TREASURER OF LEWIS AND CLARK COUNTY, MONTANA, AND LEWIS AND CLARK COUNTY, MONTANA, A BODY POLITIC, DEFENDANTS AND RESPONDENTS.

No. 10754
Submitted December 7, 1964. Decided March 12, 1965.
399 P.2d 989.

Clayton R. Herron (argued), Helena, Forrest H. Anderson, Atty. Gen., Helena, for appellants.

Arthur P. Acher (argued), Helena, Wellington D. Rankin (argued), Helena, for respondents.

HONORABLE LᴇROY L. McKINNON, District Judge, sitting in place of Mr. Justice John C. Harrison, delivered the Opinion of the Court.

The Montana State Highway Commission sought to condemn certain lands located near the eastern city limits of Helena, Montana, at the junction of U. S. 91 and U. S. 10N. The land was shown to be necessary for the Interstate Highway System. The three commissioners appointed to assess the damages reported that the damages were in the sum of $57,500. The State appealed and the case was tried in November of 1961, resulting in a verdict for the defendant in the amount of $21,-915.51.

The defendants' motion for a new trial was granted. The order granting the new trial does not recite the grounds therefor; the motion was made on all the statutory grounds, but from the brief of defendants we ascertain that there were three grounds specifically urged for the new trial.

The first ground for a new trial was that the damages awarded were inadequate and not supported by the evidence. The second ground was that the trial court allowed, over hearsay objection, the State's expert witness to refer to comparable sales of land in the vicinity of the property taken and to relate the prices paid in those transactions. Finally, complaint was made in the motion for new trial asserting misconduct of counsel when the State brought out the fact of an independent appraisal of land contiguous to the land in issue.

The State appeals with a single specification of error that it was not proper for the trial court to grant the new trial, and that the various things respondents complained of below were not error.

The chief specification of error is that it was improper for the trial court to find error in the testimony of the expert witness as to comparable sales, and the prices paid therefor. One Haniuk related the prices paid for the acreage. In some instances he would seek out the other party to verify the price. The respondents objected to that line of questioning on the grounds of the hearsay and best evidence rules. The trial

judge overruled the objections, but apparently changed his mind later in granting the motion for a new trial.

We agree that the testimony is hearsay and not the best evidence in the technical sense. If the buyers and sellers were available for questioning during the field examination then it would seem that they should also be available to be called as witnesses. There is authority that the testimony is not admissible. City and County of Denver v. Quick, 108 Colo. 111, 113 P.2d 999, 134 A.L.R. 1120; State Highway Dept. v. Wilkes, 106 Ga.App. 634, 127 S.E.2d 715. The reasoning of those courts proceeds in accordance with the strict rules of evidence. However, not all of the jurisdictions have adhered to this strict rule, and, in fact, a majority do not. These courts find an exception to the hearsay and best evidence rules especially in cases involving value witnesses in eminent domain cases. Stewart v. Commonwealth (Ky.1960), 337 S.W.2d 880; Recreation & Park Comm'n of East Baton Rouge Parish v. Perkins, 231 La. 869, 93 So.2d 198; Baltimore City v. Hurlock, 113 Md. 674, 78 A. 558; New Jersey Highway Authority v. Rue, 41 N.J.Super. 385, 125 A.2d 305; State Highway Comm'n v. Parker, 225 Or. 143, 357 P.2d 548; 1964 Institute on Eminent Domain, Southwestern Legal Foundation, Appendix, pp 255-284.

The various reasons given for admitting the comparable sales and prices paid is that with proper safeguards the testimony should be consistently reliable and much more time conserving than if all the parties had to be called.

In the Stewart case, supra, the Kentucky Court set forth the rule in the strict sense, but then decided not to follow it, stating:

"The more liberal rule, however, treats the hearsay exclusion as inapplicable to expert witnesses, as thus stated by Judge Parker in United States v. 5139.5 Acres of Land, etc., 4 Cir., 1952, 200 F.2d 659, 662: 'If the expert has made careful inquiry into the facts, he should

be allowed to give them as the basis of the opinion he has expressed. If he had not made careful inquiry, this will be developed on cross examination and will weaken or destroy the value of the opinion. Ordinarily evidence as to acts of this sort given by an expert as the basis of his opinion comes with a sufficient guaranty of trustworthiness to justify the relaxation of the hearsay and best evidence rules.' "

In California a recent statute expressly permits the testimony to be admitted. In an eminent domain proceeding a witness, otherwise qualified, may testify with respect to the value of the real property including the improvements situated thereon or the value of any interest in real property to be taken, and may testify on direct examination as to his knowledge of the amount paid for comparable property or property interests. Cal.Civ.Code, § 1845.5, People ex rel. Dept. of Public Works v. Alexander, 212 C.A.2d 84, 27 Cal.Rptr. 720.

It is interesting to note that all of these jurisdictions permitting the evidence allow it for the purposes of showing *both* the basis for the expert's opinion and for the substantive value of the facts and prices recited.

Several of the Federal Courts leave the question of admissibility to the discretion of the trial judge. United States v. 5139.5 Acres of Land, 200 F.2d 659 (4th Cir.1952); United States v. Katz, 213 F.2d 799 (1st Cir.1954); and United States v. 18.46 Acres of Land, 312 F.2d 287 (2nd Cir.1963).

In Texas the tendency of the courts is to allow the testimony in for the "limited purpose" of showing the basis for the expert's opinion, but not as substantive evidence of the prices paid. State v. Oakley, 163 Tex. 463, 356 S.W.2d 909. This case precipitated an annotation in 95 A.L.R.2d 1217, which sets forth the four rules discussed here.

This is a case of first impression in Montana. In Sweeney v. Montana Central Railway Co., 25 Mont. 543, 559, 65 P. 912, the plaintiff testified as to his understanding of the value of

certain lands and then made reference to them on a map before the jury. The court stated: "While not approving this manner of introducing evidence, we cannot say that the court erred in letting it go to the jury for what it was worth." This case indicates that Montana would favor the admission of the type of evidence involved in the instant case.

In a more recent case, State Highway Comm'n v. Voyich, 142 Mont. 355, 384 P.2d 765, we were confronted with a case involving testimony regarding prices paid by the condemning authority to other condemnees. It was not, however, necessary for us to answer the question at that time.

In the instant case we are presented with a different issue in that the transactions were between private persons prior to any knowledge that there would be condemnation of lands in the area for highway purposes. However, from the evidentious viewpoint the two situations are similar, and we should now answer the question.

After a careful review of authorities we decide that the testimony of an expert as to comparable sales and prices paid may be admissible notwithstanding a hearsay or best evidence objection.

In so approving this form of testimony we place a burden on the trial judge to test the *expertise* of the witness as to local real estate business. State Highway Comm'n v. Peterson, 134 Mont. 52, 328 P.2d 617; State Highway Comm'n v. Keneally, 142 Mont. 256, 384 P.2d 770. The party calling such expert witness must also satisfy the trial court that the sales were recent, in the vicinity, and involving land comparable to the land in issue.

All expert opinion is based on "hearsay" to a great extent and much of what is presented by such witnesses is "secondary" evidence. We feel we can achieve speedy litigation and still preserve the truth by the rule adopted here. It must be shown that the witness is expert and that the sales are comparable and recent. With these safeguards plus the fact that

the witness has his professional reputation riding on his testimony we feel that the repugnancy of this line of testimony is reduced, if not eliminated altogether. The development of a value pattern by one experienced in the business and knowledgeable as to the area involved will best bring uniformity to the market value determination in the most efficient manner. The reasoning of the 5th District Court of Appeals in California is especially pertinent here:

"* * * From a practical standpoint, if each person previously involved in effecting comparable sales should have to be called to the stand to establish the detailed facts of such sales, it would lengthen litigation of this kind out of all reason and would make it almost impossible for the State or defending landowners to make a proper showing as to valuation opinion within a reasonable time and at reasonable expense. Therefore, within proper limits, facts acquired by hearsay and used by a valuation expert in support of his conclusion that certain sales are comparable and therefore furnish support for his opinion concerning value have been customarily received in evidence in this state." People ex rel. Dept. of Public Works v. Alexander, 212 C.A.2d 84, 95, 27 Cal.Rptr. 720, 725.

█ The Louisiana court was of the opinion that recent, comparable sales of property in the vicinity is not only admissible but that it is the best criterion of market value. Recreation & Park Comm'n v. Parker, 231 La. 869, 93 So.2d 198. We signified our agreement to this view in connection with rental property in State Highway Comm'n v. Bare, 141 Mont. 288, 300, 377 P.2d 357, where we stated that admittedly the best method of arriving at market value is the use of recent sales of comparable property.

█ The second ground urged in support of the order granting a new trial is a claimed inadequacy of the verdict. The state's appraisal was in the area of $18,000.00 and all of the witnesses for the respondents testified that the value of the property was in the area of $95,000.00. The jury award was

$21,000.00. A new trial on the grounds of excessiveness or inadequacy of a verdict is directed to the sufficiency of the evidence. Section 93-5603, R.C.M.1947; M.R.Civ.P., Rule 59; Flaherty v. Butte Electric Ry. Co., 42 Mont. 89, 111 P. 348.

For a long while appellate courts were very reluctant to review an order granting or denying a motion for a new trial because it was felt that the discretion of the trial judge ought not be disturbed except for manifest abuse thereof.

Insofar as the granting of a new trial is concerned the Montana rule was recently reiterated in Estate of Cocanougher, 141 Mont. 16, 375 P.2d 1009, wherein our court stated: (Omitting double quotations.)

"In Herren v. Hawks, 139 Mont. 440, 365 P.2d 641, 643, we considered the granting of new trials as follows:

"There are several well-established rules governing the granting of new trials. Innumerable cases in this state have laid down the general rule that the granting of a new trial is within the sound discretion of the trial court.

"In Garrison v. Trowbridge, 119 Mont. 505, 506, 507, 177 P.2d 464, 465, this court said:

"In considering the propriety of the court's ruling in granting the new trial, we keep in mind that, the granting, or refusal to grant, a motion for a new trial lies within the sound discretion of the trial court, and its order thereon will be reversed only for manifest abuse of that discretion. * * *

"An order, general in its terms, granting a new trial, will be upheld if it can be sustained on any ground stated in the motion therefor, and such an order will not be set aside as readily as an order denying a new trial, since the latter ends the case, whereas the former merely restores the parties to the position they occupied before the trial. Maki v. Murray Hospital, 91 Mont. 251, 260, 7 P.2d 228, 230. To the same effect is Walsh v. Butte, Anaconda, etc., R. Co. 109 Mont. 456, 97 P.2d 325. A stronger showing is required to justify interfer-

ence with an order granting than one refusing a new trial. Collins v. Hodgson, 5 Cal.App.2d 366, 42 P.2d 700.

"The reason for allowing such wide discretion in the trial court is aptly stated in Brennan v. Mayo, 100 Mont. 439, 448, 50 P.2d 245, 249, as follows:

"Here we are permitted to examine only the cold record, whereas the trial judge who granted the motion for a new trial was afforded the opportunity of seeing the witnesses and of hearing them testify.. He was thus better able to understand and construe the testimony in the light of the surrounding circumstances.

"In this case the order granting the new trial did not specify on which ground it was made. The rule is established that if the trial court acted within its sound discretion in ordering a new trial upon any ground stated in the motion, then its action will be upheld. Kynett v. New Mine Sapphire Syndicate, 137 Mont. 82, 350 P.2d 361."

We have more recently considered this matter in Campeau v. Lewis, 144 Mont. 543, 398 P.2d 960, wherein we expressed our respect for the discretion of the trial judge and our reluctance to disturb his new trial ruling. We held there, however, that this court may disturb an order granting a new trial when it appears that there was "substantial evidence" presented to support the verdict. Of course, these remarks are confined to those instances in which the new trial was granted for insufficiency of the evidence and not for errors of law.

Our opinion in that case was that to grant a new trial in the face of "substantial evidence" in support of the verdict was an abuse of discretion, and we might well have termed it, as we do here, a manifest abuse of discretion.

It is true that in the instant case there was but one witness, Haniuk, for the State as opposed to some six or more for the defendants. His *expertise* had been established and it is apparent from the verdict that his testimony was not rebutted to

the satisfaction of the jury. Evidently the trial court was not satisfied that the award allowed by the jury was adequate.

The discretion of the trial judge ought not be and cannot be indiscriminately disturbed by the appellate court. There must be a showing of manifest abuse of discretion.

As we stated in State ex rel. Cline v. District Court, 142 Mont. 278, 384 P.2d 490, the trial judge should have the discretion to prevent what he considers to be a miscarriage of justice by granting a new trial.

The third ground for the new trial order as argued by respondents is an alleged incident of misconduct of counsel. We find no merit in that charge.

Since the appellant has failed to show a manifest abuse of discretion in this cause by the action of the trial judge in granting a new trial, the appeal fails and such action is upheld.

The motion to strike and to dismiss are disregarded in view of the disposition of the appeal.

The order granting a new trial is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.