188 So.2d 639 (1966)
LOUISIANA POWER AND LIGHT COMPANY, Plaintiff-Appellee,
v.
Williamson M. PIPES, Defendant-Appellant.
No. 10600.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
*640 H. S. Hawthorne, Bastrop, Oliver, Digby & Fudickar, by Fred Fudickar, Jr., Monroe, for appellant.
Theus, Grisham, Davis, Leigh & Brown, by Thomas W. Leigh, Monroe, Madison, Madison, Files & Garrett, by W. Dan Files, Bastrop, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This suit was instituted by plaintiff seeking expropriation of a right-of-way across defendant's property in Morehouse Parish in connection with the construction of a 500 KV. electric transmission line. From judgment in favor of plaintiff adjudicating the servitude, conditioned upon the payment of damages in the principal sum of $13,375.00, the defendant has appealed. Plaintiff has answered the appeal, praying for the amendment of the judgment by the deletion of the allowance of $500.00 as costs representing fees allowed one of defendant's expert witnesses.
Defendant's property comprises approximately 475 acres consisting of slightly less than 400 acres of agricultural land and 78 acres of woodland. The 200 foot right-of-way sought to be expropriated by plaintiff extends diagonally across defendant's property, having the effect of dividing the entire tract into two segments, each in excess of 200 acres, north and south of the proposed right-of-way.
In answer to plaintiff's petition defendant denied the necessity for the expropriation of the right-of-way servitude, which defense, however, was rejected by the district judge for reasons stated in a written opinion. This same issue has been recently considered by this court in Louisiana Power & Light Company v. Greenwald, 188 So.2d 618, No. 10,582 on the docket of this court, decided on original hearing May 30, 1966, in which we upheld plaintiff's right to expropriate.
In any event, the above defense is not urged on this appeal, and the principal issue presented relates to the amount of the award of compensation in the nature of damages. Defendant-appellant contends that the amount of the award should be substantially increased.
*641 In his opinion the district judge discussed in detail the pertinent testimony of the witnesses for both plaintiff and defendant on the question of value, and, for adequate reasons which he plainly set forth, predicated his valuation upon the testimony of one of plaintiff's experts whose appraisal was summarized by allowances itemized as follows:

 For 28.93 acres actually embraced
 within the right-of-way
 at a value of $350.00 per acre
 less an estimated detention
 value of $70.00 per acre $8,100.00
 For damages to 49 acres of
 land adjacent to the right-of-way
 at $100.00 per acre 4,900.00
 For the value of pecan trees
 within the right-of-way 100.00
 Total $13,100.00

In addition to the above amount, the district judge allowed the sum of $275.00 which was stipulated between the parties as the result of damages to water wells on the property affected by the expropriation.
Counsel for defendant complains that in arriving at his computation of damages the district judge erroneously accepted the testimony of one of plaintiff's expert witnesses and rejected the testimony of defendant's witnesses. This is a correct conclusion, but our learned brother of the trial court abundantly supported his action with such compelling and logical reasons as to completely justify his finding.
We find no necessity for unduly burdening this opinion with a reiteration of the detailed reasons given by the district judge with which we are in complete accord, but will briefly summarize our appreciation of the testimony set forth in the record.
The two qualified expert witnesses for plaintiff predicated their determination of value upon the basis of comparable sales within a reasonable distance from the property involved. It is too well established to merit discussion that comparable sales are the most acceptable standards of value in cases involving expropriation of property or real rights. As opposed to this basis of valuation the witnesses tendered on behalf of defendant, without any adequate reason or substantiation, fixed values of defendant's property at amounts ranging from $450.00 to $600.00 per acre, which they applied to the area of approximately 29 acres embraced in the right-of-way. None of these witnesses pointed out any sales of property in the vicinity of plaintiff's tract which had actually sold for any amount reasonably approaching their valuations, and, therefore, none of these witnesses were able to support their estimates upon the basis of comparable sales. Indeed, our examination of the testimony fails to indicate any reliable basis for these valuations which appear to be entirely arbitrary.
With respect to severance damage to the remaining property, we are impressed with the effort of plaintiff's experts in arriving at a fair basis of valuation with respect to specific areas which might be adversely affected by reason of difficulty in cultivation or which might sustain a diminution in value.
Again we are impelled to observe that defendant's witnesses reached their conclusions of severance damage on the basis of a ten to twenty percent overall decrease of their generous per acre valuation of all defendant's property outside of the right-of-way. While the percentage method has been accepted by our courts in certain instances (cf. Central Louisiana Electric Company v. Fontenot (3rd Cir., 1964), 159 So.2d 738) it has been based upon convincing expert evidence of the reduction of market value. In the case before us, as we have pointed out, defendant's witnesses did not rely upon any actual evidence of market value. Nor were they able to justify their percentage reduction upon any sound reasons which would effect *642 a decrease in market value. Again, their testimony in this respect can only be considered as an individual and unsupported expression of opinion. In Central Louisiana Electric Company v. Williams (2nd Cir., 1965), 181 So.2d 844, our opinion rejected the percentage method of diminution in value as being excessive under the circumstances of that case. The same conclusion is appropriate here. We think the allowance of severance damages restricted to the areas which were adversely affected, and which represented approximately 30% of the full value of such areas, is a reliable basis of valuation and represents substantial justice as between the parties.
The only remaining question relates to the allowance of $500.00 representing the amount allowed and taxed as costs against plaintiff for expert witness fees in connection with the preparation and testimony of defendant's witness, C. E. Buckley. This action is justified both by statutory provisions and our jurisprudence. LSA-R.S. 13:3666, subd. A specifically provides for the allowance of compensation to be fixed by the court based upon the elements of time, learning and skill. Fees based upon charges for preparatory work in addition to appearance and testimony in court have been approved in numerous cases, among which we cite Recreation & Park Commission v. Perkins, 231 La. 869, 93 So.2d 198; State v. Brooks (2nd Cir., 1963, writs refused), 152 So.2d 637; Louisiana Power & Light Co. v. Greenwald (2nd Cir., 1966), supra.
We find no abuse of discretion on the part of the trial judge either in the award of expert witness fees allowed and taxed as costs or in the rejection of a similar allowance of fees for preparation by a witness for defendant who was not called and did not testify in court.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.