285 So.2d 855 (1973)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
MILLER, SMITH AND CHAMPAGNE, INC., et al.
No. 9513.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Before SARTAIN, TUCKER and WATSON, JJ.
Richard J. Dodson, Baton Rouge, for appellant.
Johnie E. Branch, Jr., and Jerry F. Davis, Baton Rouge, for Highway Dept.
TUCKER, Judge.
The State of Louisiana, through the Department of Highways, brought this suit to expropriate portions of Lots 3 through 8 of Southern Heights Subdivision against the owners, Miller, Smith & Champagne et al., under the provisions of LSA-R.S. 48:441 et seq. Each of the lots involved originally fronted 72.6 feet on the south side of Harding Boulevard, a relatively short distance north of the Baton Rouge city limits, to a depth of 300 feet. It is undisputed that the total area of the tract before the taking consisted of 130,673 square feet. From Lots 3, 4, 5, 6, and 7 the State took a strip of land fronting 363 feet to a depth of 60.26 feet, and from Lot *856 8 the State expropriated a piece of land fronting 72.6 feet on Harding Boulevard to a depth of 20.87 feet.
The whole part taken consisted of 23,473 square feet or .539 of an acre, leaving a remainder of 107,200 square feet, approximately 2½ acres. The property is zoned A-4, a general residential classification, and its highest and best use is admittedly for the erection of multiple apartment structures. The parties litigant are not in dispute about the sum of $14,272.00 constituting the true value of the part taken by the State. The deposit of said sum was withdrawn by the defendants.
The trial court rendered judgment, holding that the sum deposited by the State reflected 60.8 cents as the per square foot value, and that the sum of $14,272.00 represented the fair worth of the part taken. The trial court rejected the demands of the defendants for severance damages, finding that the remainder was not damaged by the taking.
From this judgment the defendant land owners have devolutively appealed, urging that the trial court erred in failing to award severance damages occasioned to the remainder. We are in full accord with the findings of the trial judge and we affirm his judgment.
As is extremely commonplace in such matters the expert appraisers were diametrically opposed on the question of severance damages. Kermit A. Williams and John J. LeJeune testified that the remainder had been damaged in several respects. In this regard Mr. Williams had initially considered the part taken as being worth 70¢ per square foot, which produced a figure of $16,431.00 in excess of $2000.00 above the amount accepted by the land owners as the true value of the part taken. Using this excessive 70¢ per square foot figure, he reasoned that the remainder by virtue of the taking had been reduced to 56¢ per square foot, resulting in severance damages to the remainder in the rounded off sum of $15,009.00. Contrary to the other three appraisers Mr. LeJeune used no comparable. He offered his unsupported opinion that the remainder was damaged to the extent of $20,228.00. Mr. LeJeune explained that his opinion was based on the fact that the plans of the defendants to construct an apartment project on the site prior to the taking to be rented to students and faculty of Southern University would be adversely affected by the loss in aesthetic value because of the elevated embankment just to the north of the property, accommodating the newly constructed Harding Boulevard overpass across the railroad tracks.
Both Williams and LeJeune opined that the accessibility to and from the remainder had been reduced due to the fact that the tract now fronted on a service road with no immediate access to the main thoroughfare except that provided by the offset road. They also claimed that the traffic had increased substantially on Harding Boulevard, and problems of reaching the remaining tract would be increased generally, and especially for traffic going westerly, which would require a left turn across the east bound traffic lane in order to enter the service road. These appraisers also felt that the one-half acre reduction in size would reduce its market attractiveness for a multiple apartment development.
The expert appraisers for the State, Dan Carlock and Alvin K. Seago, found no severance damages to the remaining tract, and used a subsequent sale under date of March 19, 1971 from Robert Dilworth to David H. Hall covering Lot 2 of Southern Heights Subdivision for a sale price of $10,000.00. to illustrate the point. This lot, properly used as a comparable by these appraisers in reaching the conclusion that there were no severance damages to defendants' remainder, lies immediately to the east of the subject property, and does not possess its advantages in that comparable Lot 2 is smaller in size and does not present the suitability for apartment construction *857 as does the subject remainder. The sale from Dilworth to Hall reflected an actual price of 57.4 cents per square foot, and the appraisers for the State clearly explained that the adjustments made necessary by virtue of the superior advantages of the subject property for apartment construction over the comparable tract, established an enhancement in the value of the remaining tract after the taking rather than a diminution in value claimed by the land owners.
Plaintiffs' experts noted that the zoning after the taking remained the same; that the reduction in size left a piece of property entirely adequate in size and shape for a nice apartment complex; that the accessibility of the remainder to Harding Boulevard was actually improved because the construction of the Harding Boulevard overpass had eliminated the substantial traffic congestion caused by the railroad crossing. The record precisely shows that the blocking by railroad cars of this crossing prior to the construction of the overpass had caused great inconvenience to the motoring public, using this artery of traffic. Now, this condition no longer exists and traffic proceeds without interruption by stopped railroad cars along the overpass. We agree with the trial court that the remainder has not been limited nor restricted in its accessibility to Harding Boulevard.
Defendants' position that the benefits to remaining property created by an erection of a public improvement after expropriation cannot be set off against severance damages when such benefits are shared alike by all the property owners is an eminently correct statement of the law. It is only where a taking contributes special benefits to a particular remainder that such benefits may be checked against severance damages. In this case we are not confronted with the problem of determining whether the benefits to property in the vicinity of the overpass were general in nature or applied more especially to defendants' remaining tract, since we have not applied a special enhancement in value to the defendants' remaining tract by the erection of the overpass in order to escape allowing damages. Also the photographic evidence graphically corroborates and supports the premise that the remaining 2½ acres has not been damaged by this taking.
We have no hesitancy in rejecting the testimony of the defendant land owners' expert appraisers LeJeune and Williams wherein they expressed their respective opinions that the remainder of the property had experienced a diminution in value caused by the taking. As we stated in State of Louisiana through the Department of Highways v. Elmer Lee Hunt, 219 So.2d 602 (La.App. 1st Cir. 1968), the burden of proving severance damages as a result of expropriation rests upon the land owners, and severance damages are never presumed but must be established by the owner who must prove by competent evidence that the land remaining has been diminished in value as a result of the taking.
We hold, as did the trial judge, that the evidence does not support the conclusions reached by the defendant expert witnesses that the taking caused a diminution in the value of the remainder, and in those instances, where the evidence does not support expert opinions that consequential damages exist, it cannot be said that such opinions are entitled to credence and weight since they are not well grounded in reason and logic. See Louisiana Power & Light Company v. Pipes, 188 So. 2d 639 (La.App. 2d Cir. 1966).
The judgment of the trial court is correct, and in our opinion is not fraught with any manifest error.
For the foregoing reasons the judgment is affirmed at the costs of the appellants.
Affirmed.