WATSON, Judge ad hoc.
Plaintiff, Louisiana Intrastate Gas Corporation, filed this suit to expropriate a pipeline servitude across a 180 acre tract of land owned by defendant, Felix E. Boudreaux, and located in Terrebonne Parish, Louisiana, on the shore of Bayou Black. Prior negotiations between the parties were unsuccessful. Plaintiff’s right to expropriate and the necessity of the pipeline were not seriously contested, the only real issue being the amount defendant should receive.
A previously constructed 8" pipeline crossed the subject property, going from Bayou Black east. Louisiana Intrastate Gas Corporation proposed to parallel this pipeline with a 12" line at a distance of 10' and depth of 36". The property was divided into three parts for evaluation: the first part being a 20' x 20' valve site or “Aboveground Installation” which would be fenced and virtually excluded from any other use; the second part being the 30' strip through which the pipeline would run; and the third part being a temporary servitude for construction purposes only.
The trial court awarded defendant a total of $10,490.50 for the taking and fixed the expert witness fee of John W. Dugan, appraiser, at $250, taxed as costs.
Defendant has appealed, alleging that the trial court erred: (1) in not awarding severance damages to defendant; and (2) in not awarding defendant’s expert witness, John W. Dugan, a fee of $1,000 rather than $250.
*270 Plaintiff has answered the appeal, asking that the amount awarded be decreased from $10,490.50 to $1,293.
The land in question is across Bayou Black from Avondale Shipyards. The bayou gives unimpeded deep water access to the Gulf of Mexico, and there is no real question that the highest and best use of the land is industrial.
The trial court, correctly we believe, disregarded the testimony of plaintiffs appraiser, Sam J. Kennedy. Mr. Kennedy testified that he used the market value or comparable land approach to evaluate the subject property but could find no true comparables. However, he admitted that he only looked for comparables within ten miles of the subject property. The first four he used were of fractional interests in land subject to a long term lease, and the fractional interests were bought by the lessee. Comparable 'five was an unex-ercised option to purchase. Mr. Kennedy admitted that the use of fractional sales as comparables was not good appraisal practice, and defendant’s appraiser, John W. Dugan, testified that it was unethical for an appraiser to appraise a fractional interest. While Mr. Kennedy’s comparables might have been considered in the absence of other evidence, Lafayette Airport Commission v. Roy, 265 So.2d 459 (La.App. 3 Cir. 1972), writs refused, 262 La. 1159, 266 So.2d 444, and 262 La. 1160, 266 So.2d 444, it was within the discretion of the trial court to reject his evidence in favor of that offered by Mr. Dugan.
Mr. Dugan testified that the subject property comprised some of the highest land in Terrebonne Parish and that such land with a deep water access was hard to find in the area. His first comparable was a sale of 94 acres on May 8, 1970, for $4,500 per acre, which he equated to $5,000 per acre at the time of trial. A second sale of 38 acres at $4,500 per acre two years before was also used to show a value of $5,000 per acre for the subject property. Mr. Dugan allowed 5% a year «for inflation in both instances. Other comparables were given and related to the subject property, one with highway access being $11,592 per acre. On the whole, Mr. Dugan certainly gave sufficient evidence to support the trial court’s conclusion that the property was worth $5,000 per acre.
It was stipulated that the property taken for the pipeline right-of-way had 2.299 acres. Its worth was therefore calculated as $11,495. The trial court determined that the defendant retained 10% use of the right-of-way expropriated, valued at $1,149.50, leaving a balance of $10,345.50. The property taken temporarily for construction purposes was given a rental value by Mr. Dugan of $145. The total award to defendant was thus $10,490.50.
Defendant contends that severance damages should have been awarded. However, Mr. Dugan’s testimony on that point was confused by his lack of familiarity with other pipeline on the property. Mr. Ernest Jeanmard, a petroleum engineer, testified on behalf of plaintiff, his employer, that defendant’s property was crossed not only by plaintiff’s 8" pipeline but also by a 22" oil pipeline parallel to and 20' to 30' south of that line. There was no evidence, other than Mr. Dugan’s unsupported opinion, that the value of the remaining property was affected by the proposed pipeline or that the property’s value as an industrial site was diminished. State, Department of Highways v. Hoyt, La., 284 So.2d 763 (1973). There was testimony to the effect that Avondale Shipyards carries on its extensive industrial operations without hindrance from existing pipelines. Since it is necessary to prove severance damage, and such damage will not be presumed, the trial court correctly denied any recovery to defendant for this item. State, Dept. of Hys. v. Miller, Smith & Champagne, Inc., 285 So.2d 855 (La.App. 1 Cir. 1973).
The judgment of the trial court is affirmed and costs of the appeal are taxed against defendant.
Affirmed.