### UNITED STATES v. PRETTYMAN et al.

#### No. 5210.

Circuit Court of Appeals, Fourth Circuit.

May 18, 1944.

S. Billingsley Hill, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

Tazewell Taylor, of Norfolk, Va., for appellees.

Before SOPER, DOBIE, and NORTH-COTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an award in a condemnation proceeding instituted by the appellant, the United States, in the District Court of the United States for the Eastern District of Virginia, in April 1942, to acquire 68.7 acres of farm land and improvements owned by the appellees, C. J. Prettyman et al. The Government filed a declaration of taking and deposited $7,500 in the registry of the district court and took possession of the property.

The property in question was one of 18 tracts needed for the construction of a flight strip in Accomac County, Virginia. The owners of the property here involved were not satisfied with the price offered them by the Government and the United States instituted this proceeding.

The question of value was tried before a jury of seven in conformity with the provisions of the General Condemnation Act of August 1, 1888, 40 U.S.C.A. § 258. During the presentation of evidence on behalf of the Government, as to the value of the property, a witness, one Furr, was presented and one of the jurors asked the witness whether he had appraised certain property for the Government at another trial involving the acquisition of land for a Naval Base. The witness Furr stated that he had, and the juror then asked him if he did not know that the jury in that case had given the owners of the property $10,000 more for it than the witness appraised it. To this the witness replied that he knew that the jury gave them more, whereupon the juror stated "yes; exactly. * * * I was on the jury—."

At this point Government counsel objected to the question asked by the juror and, after the jury had retired from the court room, moved the court to declare a mistrial because of the incident. The juror who had asked the question was discharged from the jury and the court instructed the remaining jurors that they should dismiss from their minds all that the discharged juror had said, and asked them if they could do so. They all replied in the affirmative, and the court then gave the Government counsel the option of having another juror substituted for the discharged juror or going on with the trial with the remaining six jurors. The appellant's counsel elected to go on with the remaining six jurors, at the same time reserving their exception to the court's ruling in refusing to grant a mistrial.

In the further presentation of the Government's evidence the court refused to permit the introduction of certain evidence as to the value of the property, gained from conversation with other people as to sales of similar property. After the appellees had finished presenting their evidence, the Government offered a witness as to prices paid under sales made on behalf of the Federal Farm Loan Corporation. On objection, the evidence of this witness was excluded, by the court below, on the ground that the evidence offered was not rebuttal and should have been offered in chief and on the further ground that such sales were in the nature of forced sales and were not a proper measure of fair value and that the sales sought to be testified to were of property not proven to be similar to the property here involved.

After arguments and instruction by the court the jury returned a verdict for the owners of the property in the sum of $14,000 and judgment was entered in favor of the appellees; from this action this appeal was brought.

■ Two questions are presented (1) whether the action of the court in refusing the motion for a mistrial, on account of the conduct of the discharged juror, was proper and (2) whether the rulings of the trial court on the question of the admission of testimony was harmful error.

While there is conflict in the decisions as to the first question the great weight of authority is to the effect that questions of the character here involved are matters that rest largely within the discretion of the trial judge and his action will not be held to be harmful error unless there is an abuse of such discretion.

■ 40 U.S.C.A. § 258 provides that the procedure in suits like the one here shall conform, as nearly as may be, to the proceedings existing at the time in like causes in the courts of the State within which the suit is tried.

Rule 81 (a) (7), Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, provides:

"In proceedings for condemnation of property under the power of eminent domain, these rules govern appeals but are not otherwise applicable."

See, also, United States v. Certain Parcels of Land, D.C., 46 F.Supp. 441; United States v. 2,049.85 Acres of Land, D.C., 49 F.Supp. 20.

Section 4903 of the Virginia Code provides:

"New juror may be sworn in place of one disabled; when court may discharge jury.—If a juror, after he is sworn, be unable from any cause to perform his duty, the court may, in its discretion, cause another qualified juror to be sworn in his place; * * * (Code 1887, § 4026.)"

■ It is therefore apparent that under the Virginia practice the question of refusing or granting a new trial is discretionary with the trial judge and is reversible only in case of the abuse of that discretion. Taylor v. Commonwealth, 122 Va. 886, 94 S.E. 795; Southern R. Co. v. Simmons, 105 Va. 651, 55 S.E. 459.

The rule is the same in the federal courts as is set out in the opinion in the case of Maryland Casualty Co., Inc. v. Kelly, 4 Cir., 45 F.2d 788, 789; and in the Supreme Court in the cases of Pennsylvania Company v. Joseph E. Roy, 102 U.S. 451, 12 Otto 451, 26 L.Ed. 141; Turner v. American Security & Trust Company, 213 U.S. 257, 29 S.Ct. 420, 53 L.Ed. 788.

■■ The questions raised as to the rejection of evidence offered on behalf of the appellant are governed by the same rule as to the discretion of the trial judge whose rulings will not be reversed unless there is an abuse of discretion. We are convinced that the judge was right in rejecting the testimony offered in rebuttal that should have been offered in chief. Jones on Evidence, Third Edition, sec. 809;

4 Wigmore on Evidence, Second Edition, sec. 1873, and cases there cited.

An examination of the authorities offered on behalf of the appellant show that there is either a difference in the facts from the facts here involved or that they are not of sufficient weight to overcome the rule as above stated.

A careful examination of the record leads us to the conclusion that there was no error in the rejection of the motion for a mistrial or in the rulings of the trial judge as to the evidence. The judge below did everything possible to remove the impression made by the questions of the discharged juror; the charge of the judge to the jury was fair and clear and there was no objection to it; the verdict of the jury was not so excessive as to show that the jurors were unduly influenced by anything that happened at the trial.

The average value fixed for the property in question by the Government witnesses was $7,927 and the average value placed by the appellees' witnesses was $18,743, and in the opinion of the trial judge the verdict was not excessive. He heard the witnesses, saw their demeanor on the witness stand and was familiar with the atmosphere surrounding the trial. We cannot find any sufficient reason for a reversal of the judgment which is accordingly affirmed.