801 F.2d 394
 1986-2 Trade Cases 67,298
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JAYS FOODS, INC., Appellant,
v.
NATIONAL CLASSIFICATION COMMITTEE; National Classification
Board, Appellees.
 No. 85-2291.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1986.
Decided Sept. 15, 1986.
 
 Anthony S. DiVincenzo (Campbell and DiVincenzo, and Robert S. Segan, Kass & Skalet, P.C., on brief), for appellants.
 Charles E. Buffon (Covington & Burling, Paul R. Duke, Carol Fortine, Thomas Moncure, William W. Pugh, on brief), for appellees.
 E.D.Va. 646 F.Supp. 604
 AFFIRMED.
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Jays Foods, Inc., appeals from a judgment in favor of defendant-appellees National Classification Committee and National Classification Board. Plaintiff, a purchaser of potatoes, alleged that defendants had engaged in a per se violation of section one of the Sherman Act, 15 U.S.C. Sec. 1, by publishing in the National Motor Freight Classification numerical ratings reflecting transportation characteristics of agricultural commodities, thereby indirectly accomplishing a conspiracy to fix trucking rates for those commodities. Pursuant to section sixteen of the Clayton Act, 15 U.S.C. Sec. 26, plaintiff sought to enjoin such classification of agricultural commodities in the National Motor Freight Classification.
 
 
 2
 Following a bench trial, the district court found that neither the purpose nor effect of the classification is to impact prices and that defendants' conduct is not tantamount to price fixing. Consequently, concluded the district court, plaintiff did not establish a per se violation because the evidence failed to demonstrate that "the practice facially appears to be one that would always or almost always tend to restrict competition and decrease output." Broadcast Music, Inc. v. Columbia Broadcasting System, Inc., 441 U.S. 1, 19-20, (1979). On appeal, "[p]laintiff submits that the trial court misapplied controlling legal precedent and ignored the factual record." We disagree, and we conclude that the district court's comprehensive memorandum opinion adequately states our position. Accordingly, we affirm on reasoning of the district court.[1] Jays Foods, Inc. v. National Classification Committee and National Classification Board, Civil Action No. 85-489-A (E.D. Va. Nov. 22, 1985).
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 Plaintiff also assigns error in the district court's failure to strike the testimony of defendants' expert and in the district court's exclusion of purported rebuttal evidence because it properly belonged in plaintiff's case-in-chief. We see no abuse of discretion in either the admission of the expert testimony, see, Martin v. Fleissner GMBH, 741 F.2d 61, 64 (4th Cir.1984); Wilder Enterprises, Inc. v. Allied Artists Pictures Corp., 632 F.2d 1135, 1143-44 (4th Cir.1980), or in the exclusion of the improper rebuttal evidence. See United States v. Prettyman, 142 F.2d 891, 893-94 (4th Cir.1944); Page v. Barko Hydraulics, 673.F.2d 134, 139-40 (5th Cir.1982); Smith v. Conley, 584 F.2d 844, 846 (8th Cir.1978), Skogen v. Dow Chemical Co., 375 F.2d 692, 705 (8th Cir.1967) (citing Prettyman, supra); 6 Wigmore, Evidence Sec. 1873 (Chadbourne Rev. Ed. 1976)