977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
9910 RICHMOND HIGHWAY PARTNERSHIP, Plaintiff-Appellant,
v.
ELECTRIC EQUIPMENT CORPORATION OF VIRGINIA, INCORPORATED;
Gordon Gemunder; Davis Industries, Incorporated;
Benjamin Ettelman, Defendants-Appellees.
9910 RICHMOND HIGHWAY PARTNERSHIP, Plaintiff,
v.
ELECTRIC EQUIPMENT CORPORATION OF VIRGINIA, INCORPORATED;
Gordon Gemunder; Davis Industries, Incorporated;
Benjamin Ettelman, Defendants-Appellants,
v.
Philip B. MIMS; Pauline R. Mims, Third Party Defendants-Appellees,
and
Truland Systems Corporation, Third Party Defendants.
 Nos. 91-1546, 91-1577.
 United States Court of Appeals, Fourth Circuit.
 Argued July 6, 1992.
Decided Sept. 29, 1992.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria, No. CA-90-565-A; Albert V. Bryan, Jr., Senior District Judge.
 Argued: Robert C. Davis, Jr., Crowell & Moring, Washington, D.C., for appellant; John J. Mullenholz, Washington, D.C., J. Charles Curran, Kidwell, Kent & Sullivan, Fairfax, Va., for appellees.
 On brief: F. Andrew Carroll, III, Land, Clark, Carroll & Mendelson, P.C., Alexandria, Va., for appellant; Michael E. Kris, Washington, D.C., H. Kent Kidwell, Kidwell, Kent & Sullivan, Fairfax, Va., David M. Bullock, Ogletree, Deakins, Nash, Smoak & Stewart, Nashville, Tenn., Celeste Y. Lamb, Deasey, Mahoney & Bender, Ltd., Philadelphia, Pa., D'Ana Johnson, Allen, Johnson, Alexander & Karp, Washington, D.C., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, NIEMEYER and HAMILTON, Circuit Judges.
 OPINION
 WILKINS, Circuit Judge:
 
 
 1
 9910 Richmond Highway Partnership (9910 RHP) filed suit against Electric Equipment Corporation of Virginia, Incorporated (EEC)[1] under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C.A. §§ 9601-9675 (West 1983 & Supp.1992) (CERCLA), and under common-law claims of nuisance, strict liability, trespass, and negligence. It claimed entitlement to reimbursement for expenses incurred as a result of a cleanup of contamination allegedly caused by the flow of hazardous wastes from EEC's property onto its property and for expenses incurred in erecting a barrier to prevent future releases.[2] A jury returned a verdict in favor of EEC on the state-law tort causes of action,[3] and the district court rendered a decision in favor of EEC on the CERCLA claim. On appeal, 9910 RHP primarily challenges as clearly erroneous the factual findings of the district court on the issues of causation of actual and threatened contamination under CERCLA. In addition, 9910 RHP claims error with regard to several evidentiary rulings. Because the district court did not clearly err in finding facts favorable to EEC, and because it did not abuse its discretion with regard to the evidentiary rulings, we affirm.
 
 I.
 
 2
 9910 RHP purchased a tract of land located at 9910 Richmond Highway in Lorton, Virginia. A previous occupant, an automobile parts company, used a portion of the land as a storage yard for electrical equipment. Prior to the purchase, 9910 RHP contracted with Versar, Incorporated, an environmental consulting firm, to conduct tests on the site to ascertain the existence of any environmental hazards on the property. Before Versar completed all of the tests, 9910 RHP elected to go forward with the purchase. Several weeks after the purchase, Versar reported the existence of polychlorinated biphenyls (PCBs) on the property. 9910 RHP undertook a cleanup of its property, including construction of a temporary barrier to curtail the flow of surface water runoff from EEC's adjacent property.
 
 
 3
 Subsequent tests on soil samples from the adjoining property occupied by EEC also revealed contamination from PCBs. EEC operated an electrical transformer recycling business on the site and Versar's expert testified at trial that it was his opinion that oil containing PCBs from the transformers had leaked into the ground. The expert concluded that surface water runoff from EEC's property carried the PCBs onto the 9910 parcel. Because of EEC's ongoing recycling operations, Versar advised 9910 RHP that the threat of a continued release of PCBs existed.
 
 II.
 
 4
 CERCLA, a remedial statute enacted to encourage private parties to clean up hazardous waste sites by providing a means to recover costs incurred, see Nurad, Inc. v. William E. Hooper & Sons, Co., Nos. 91-1775, 91-1790, 1992 WL 113360, at * 2 (4th Cir. May 29, 1992), allows for recoupment of costs expended in reaction to an actual or threatened release of a hazardous substance, see 42 U.S.C.A. §§ 9607(a)(4), 9601(22), 9601(24).[4] 9910 RHP argues that the district court erred in finding that it failed to prove that it incurred expenses covered by CERCLA in response to an actual release of PCBs[5] from EEC's property. 9910 RHP maintains that the evidence at trial demonstrated that EEC permitted unacceptable levels of PCBs to contaminate its property, allowed rainwater polluted with PCBs to accumulate, and periodically opened a drain to allow the tainted water to flow onto 9910 RHP's property. 9910 RHP points to testimony of its expert who testified that the PCBs appearing on 9910 RHP's property migrated through surface water runoff.
 
 
 5
 Our review of the record exposes no error by the district court. Not only does 9910 RHP's property have a questionable environmental history, the evidence includes other expert testimony that PCBs do not migrate but tend to adhere to the soil, and that absent evidence of soil erosion they tend to remain where deposited. 9910 RHP offered inconclusive evidence of soil erosion and indeed, the record reveals conflicting evidence of whether, due to the topography of the properties, surface water runoff from EEC's property could actually flow onto 9910 RHP's property. Discovery of different types of PCBs on 9910 RHP's property further weakens 9910 RHP's position that PCBs from EEC's property flowed uninterrupted onto the adjoining parcel. Faced with this conflicting testimony, the district court adopted a plausible view in light of the entire record, and consequently, we cannot find clear error. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 6
 9910 RHP also questions the finding of the district court that a threatened release of PCBs did not exist.[6] Whether a threat of release caused a plaintiff to incur response costs rests upon a factual inquiry into all of the circumstances known to the plaintiff at the time the cleanup was undertaken. See Amoco Oil Co. v. Borden, Inc., 889 F.2d 664, 670 (5th Cir.1989). 9910 RHP contends that the district court assessed the reasonableness of its response to the perceived threat with the benefit of hindsight, rather than assessing it based only on the knowledge 9910 RHP possessed at the time it erected the retaining wall. If the district court had used the proper analysis, 9910 RHP continues, the court would have necessarily agreed with 9910 RHP's expert who opined that the migration of PCBs would continue until construction of a barrier between the properties.
 
 
 7
 We have reviewed carefully the order of the district court and conclude that it properly considered all of the circumstances known to 9910 RHP at the time it decided to construct the barrier. It appears that 9910 RHP may have known of the contamination prior to purchase of the property, and that the source of the hazardous substances may have been items stored on the site prior to and following the purchase. Thus, the response of building a barrier wall between the properties could have just as likely resulted from 9910 RHP's desire to prevent contamination on its property from flowing onto adjoining tracts. The district court, as trier of fact, did not clearly err in rendering its finding that 9910 RHP failed to prove that it responded to a threat of contamination from EEC's property. See Anderson, 470 U.S. at 573-74.
 
 III.
 
 8
 9910 RHP further complains that the district court committed an abuse of discretion in rendering several evidentiary rulings. Our review of the record, however, reveals that the district court acted within its discretion, and that these contentions are without merit. See United States v. Simpson, 910 F.2d 154, 157 (4th Cir.1990) (a decision on admission of evidence under Fed.R.Evid. 403 will not be upset unless district court plainly abused its discretion); United States v. Molovinsky, 688 F.2d 243, 247 (4th Cir.1982) ("trial judge has wide discretion as to relevance"), cert. denied, 459 U.S. 1221 (1983); United States v. Prettyman, 142 F.2d 891, 893 (4th Cir.1944) (rejection of proffered rebuttal testimony reviewed for abuse of discretion). Accordingly, we affirm these decisions of the district court as well as its factual findings pertaining to the CERCLA claim.
 
 
 9
 AFFIRMED.
 
 
 10
 NIEMEYER and HAMILTON, Circuit Judges, joined.
 
 
 
 [1]
 Other defendants include Gordon Gemunder (President of EEC), Davis Industries, Incorporated (the owner of the land leased by EEC), and Benjamin Ettleman (past president and current Chief Executive Officer of Davis Industries, Incorporated)
 
 
 [2]
 EEC brought third-party actions against S. Mogavero & Sons, and C.G. Estabrook, Incorporated (previous owners of electrical transformers stored on EEC's property), Philip and Pauline Mims (previous owners of the 9910 property), Truland Systems Corporation (lessees of the 9910 property from the Mims), and the United States. Prior to trial, the district court granted summary judgment in favor of the United States, S. Mogavero & Sons, and C.G. Estabrook, Incorporated. 9910 RHP does not contest these decisions on appeal
 The district court dismissed the claims against the Mims and Truland Systems Corporation at the close of EEC's presentation of evidence. In a cross appeal, EEC maintains that if we reverse the factual findings on the CERCLA claim, we should also reverse these dismissals. Because we affirm the disposition of the CERCLA claim, we need not reach the issues raised in the cross appeal.
 
 
 [3]
 At the close of trial, the district court directed a verdict in favor of EEC on the trespass count. 9910 RHP does not question this ruling
 
 
 [4]
 In order to prevail on a claim to recover costs, a private plaintiff must also prove that the site in question is a "facility" within the meaning of CERCLA, see 42 U.S.C.A. §§ 9607(a)(1), 9601(9); that a "release" or "threatened release" of a hazardous substance from that facility has occurred or is occurring, see §§ 9607(a)(4), 9601(22); and that the defendant falls within at least one category of potentially liable persons, see § 9607(a)(1)-(4). The parties do not dispute these elements of the CERCLA claim
 
 
 [5]
 PCBs are designated as a hazardous substance. See 42 U.S.C.A. § 9602; 40 C.F.R. § 302.4 (1991)
 
 
 [6]
 9910 RHP raises two preliminary matters in regard to this issue. It first contends that the court misconstrued CERCLA to hold that 9910 RHP was not entitled to recovery for a threatened release because it failed to prove an actual release. Our reading of the order of the district court indicates that the court was familiar with the proper construction of CERCLA and understood that the existence of an actual release is not a prerequisite to recovery for a proven threatened release. See Dedham Water Co. v. Cumberland Farms Dairy, Inc., 889 F.2d 1146, 1154 (1st Cir.1989). Second, 9910 RHP maintains that the district court failed to make a factual finding on this issue, thus precluding our review under a standard of clearly erroneous. Again, we read the order of the district court as setting forth a precise factual finding on this issue